# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:03CV00614 ERW |
| | ) | |
| DON ROPER, | ) | **CAPITAL HABEAS** |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner filed an *ex parte* request for investigative, expert, or other services pursuant to 18 U.S.C. § 3599. Title 18 U.S.C. § 3599(f) does not permit petitioner to make an *ex parte* request for such services "unless a *proper showing* is made concerning the need for confidentiality." Id. (emphasis added) Petitioner's original request made no such showing, and the Court ordered petitioner to supplement his request with reasons demonstrating the need for confidentiality regarding his request for expert or other services. Petitioner has responded, and upon review, the Court finds that petitioner has not made a proper showing concerning the need for confidentiality.

The statute that formerly held the provisions of 18 U.S.C. § 3599(f), 21 U.S.C. § 848(q)(9), was amended by the Antiterrorism and Effective Death Penalty Act of 1996, "chang[ing] the presumption from an *ex parte* hearing for services other than counsel to a process which is not to be held *ex parte* 'unless a proper showing is made

concerning the need for confidentiality.'" United States v. Gonzales, 150 F.3d 1246, 1264 (10th Cir. 1998) (quoting 21 U.S.C. § 848(q)(9)). Very few published cases discuss what the term "proper showing" means, but other district courts have held that a petitioner must include a case-specific showing of the need for confidentiality. Patrick v. Johnson, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999); Graves v. Johnson, 101 F. Supp. 2d 496, 499 (S.D. Tex. 2000) ("Asserting a generic need for confidentiality of the sort which arises in most capital cases is not an adequate showing for the purposes of the statute."). This Court agrees that a "proper showing" under 18 U.S.C. § 3599(f) means a case-specific showing.

As is stated above, petitioner's response to the Court's order directing petitioner to make a proper showing for the need for confidentiality is lacking. The response only makes a generic showing for the need for confidentiality of the sort arising in most capital cases and fails to make a sufficient case-specific showing of the need for confidentiality in this instance. Additionally, the case citations included in the response are not on point and do not support petitioner's request for confidentiality in this instance.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions to file documents *ex parte* and under seal [Docs. 62, 65] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall remove the sealed access level on docket entries 62-66 so that these documents are publicly available. Additionally, the Clerk shall ensure that respondent receives a copy of these documents.

So Ordered this 1st day of April, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE