UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID BARNETT,                              )
                                            )
            Petitioner,                     )
                                            )
    vs.                                     )          Case No. 4:03CV00614 ERW
                                            )
DON ROPER,                                  )
                                            )
            Respondent.                     )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner David Barnett's Motion to Amend

Judgment pursuant to Fed. R. Civ. P. 59(e), filed on August 7, 2012 [ECF No. 84].  Petitioner

requests that this Court vacate its previous judgment of July 10, 2012, and amend its order to

grant a hearing on the claims presented in Barnett's Fed. R. Civ. P. 60(b) motion and

supplemental petition, both filed on June 29, 2012.

**I.      BACKGROUND**

Petitioner Barnett is incarcerated at the Potosi Correctional Center located in Mineral

Point, Missouri, pursuant to a sentence and judgment of the Circuit Court of St. Louis County,

Missouri, where a jury convicted him of two counts of first degree murder, two counts of first

degree robbery and two counts of armed criminal action.  Barnett was sentenced to death for each

of the two murder counts, and sentenced to four consecutive life sentences for the robbery and

armed criminal action counts in the Missouri Department of Corrections.  The Missouri Supreme

Court affirmed his convictions in its opinion, *State v. Barnett,* 980 S.W.2d 297 (Mo. banc 1998).

Barnett filed a *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" on

February 10, 1999, pursuant to Missouri Supreme Court Rule 29.15.[1]  Subsequently, Petitioner's First Amended Motion to Vacate, Set Aside or Correct the Judgment and Request for Evidentiary Hearing was filed by the appointed public defender's counsel.

The Rule 29.15 post-conviction state court denied collateral relief, and the Missouri Supreme Court affirmed the denial.  *Barnett v. State*, 103 S.W.3d 765 (Mo. banc 2003). Petitioner then filed a petition for writ of habeas corpus with this Court [ECF No. 15].  The petition raised 19 grounds for relief.  These grounds included Ground I, that Barnett was denied effective assistance of counsel at the penalty phase of his trial due to trial counsel's failure to investigate and present mitigating evidence about the petitioner's biological father, mother and mother's family; Ground XVII, that Barnett was denied effective assistance of counsel at the penalty phase of his trial due to trial counsel's failure to request a jury instruction that the jury could draw no adverse inference from Barnett's failure to testify; and Ground XIX, that Barnett was denied due process of law in Missouri's proportionality review process.  On August 24, 2006, this Court denied relief on all grounds [ECF No. 28].  *Barnett v. Roper*, No. 4:03CV00614ERW, 2006 WL 2475036 (E.D. Mo. Aug. 24, 2006).  In denying relief, this Court held that Grounds I and XVII were procedurally barred from federal court review due to petitioner's default during the post-conviction proceedings in state court.  Furthermore, this

_____

[1]Rule 29.15 provides that: A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15.  This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable.
Mo. Sup. Ct. R. 29.15(a).

2

Court declined review of these two grounds on the merits, as it found that petitioner's defaults were not excused as he was unable to show cause for the default, or establish a fundamental miscarriage of justice.[2]  As to Ground XIX, this Court found that petitioner's right to Missouri's proportionality review process was not denied, that the Missouri court's decision was a reasonable application of federal law, and as such, this Court would not look behind the Missouri Supreme Court's determination that Petitioner's sentence was proportional.  A certificate of appealability was granted as to Ground I, but denied as to Grounds XVII and XIX.  The Eighth Circuit Court of Appeals affirmed this Court's ruling.  *Barnett v. Roper*, 541 F.3d 804 (8th Cir. 2008), cert. denied, 130 S.Ct. 63 (2009).

On June 29, 2012, approximately six years after the denial of federal habeas relief by this Court, Barnett filed a Supplemental Application for Habeas Corpus under 28 U.S.C. § 2254 [ECF No. 77] and a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) [ECF No. 78].  In his 60(b)(6) Motion, Barnett sought reconsideration of this Court's 2006 decision denying relief for Grounds I, XVII and XIX.  *Id.*  Petitioner argued that the change in the law brought about by the Supreme Court's ruling in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), combined with the unique circumstances of this case, constitute "extraordinary circumstances," requiring that Barnett's case be re-opened and the relevant claims be reviewed on the merits pursuant to Rule 60(b)(6).  Additionally, Petitioner contended that the Missouri Supreme Court's recent decisions in *State v. Anderson*, 306 S.W.3d 529 (Mo. banc 2010); *State*

---

[2]Absent a decision by a state court to lift the procedural bar on an otherwise procedurally defaulted claim, a federal court will not consider the claim unless petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  *See also Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (bar to procedurally defaulted claim is absolute unless there is a showing of cause and actual prejudice, or actual innocence).

*v. Davis*, 318 S.W.3d 618 (Mo. banc 2010); and *State v. Dorsey*, 318 S.W.3d 648, 659 (Mo. banc 2010), "change the landscape of Mr. Barnett's claim that he was denied proper proportionality review." [ECF No. 78, ¶ 8].  This Court, however denied Rule 60(b) relief in its memorandum and order of July 10, 2012 [ECF No. 80].  Petitioner now files a motion pursuant to Fed. R. Civ. P. 59(e), to amend the July 10, 2012 judgment and grant a hearing on the claims presented in Barnett's Fed. R. Civ. Pro. 60(b) Motion and Supplemental Application for Habeas Corpus.

## II.    STANDARD OF REVIEW

Rule 59(e) allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.[3]  Fed. R. Civ. P. 59(e).  A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion.  *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted).  "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *Id.* (internal citations omitted).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*  "[A] motion made pursuant to [Rule] . . . 59 is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances.*"  *Dale and Selby Superette & Deli v. U.S. Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (emphasis added).

In the habeas context, a Rule 59(e) motion is subject to the well established restrictions on filing successive motions for post-conviction relief.  *United States v. Lambros,* 404 F.3d 1034, 1036, 1036 (8th Cir. 2005), cert. denied, 545 U.S. 1135 (2005) (affirming the district court's

---

[3]The Motion to Amend under 59(e) was filed on August 7, 2012, within 28 days of the Court's issuance of its memorandum and order on July 10, 2012.

dismissal of petitioner's Rule 59(e) motion as an effort to file a successive motion for post-conviction relief, observing that motion "sought ultimately to resurrect the denial of [petitioner's] earlier § 2255 motion"). If petitioner's motion is determined to be a successive habeas corpus application, then it is subject to 28 U.S.C. § 2244(b). That statute prohibits a district court from considering a successive petition absent direction from the Court of Appeals. *Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005).[4]

## III.   DISCUSSION

The Court will examine, as a threshold matter, whether Barnett's Motion to Amend his Rule 60(b) Motion constitutes a successive habeas corpus application, warranting dismissal. For reasons discussed below, the Court finds that Ground XIX is successive. The applicability of *Martinez v. Ryan*, as to Grounds I and XVII, is then addressed. Finally, the Court will consider whether there are "extraordinary circumstances," entitling Barnett to relief under Rule 60(b)(6).

## A.   *Application of 28 U.S.C. § 2244(b)*

As a preliminary matter, the Court must determine whether Barnett's Rule 59(e) Motion is a successive "habeas corpus application." Here, as the instant 59(e) Motion seeks to amend the previously denied Rule 60(b)(6) motion, the focus of this initial inquiry will be on whether the grounds for relief asserted by Barnett under his *Rule 60(b)* motion should be treated as second

---

[4]A claim presented in a second or successive habeas corpus application under section 2254, that was presented in a prior application, shall be dismissed. Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(1), (b)(3).

or successive.[5]   In his 59(e) Motion to Amend, Barnett maintains that the Rule 60(b)(6) motion

should not be construed as a second or successive petition.

Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final

judgment and to request the reopening of his case in certain circumstances.  *Ward v. Norris*, 577

F.3d 925, 932 (8th Cir. 2009).  Rule 60(b) applies to habeas proceedings to the extent it is not

inconsistent with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Id.*

(citing *Gonzalez,* 545 U.S. at 529); *see also* 28 U.S.C. § 2254; Fed. R. Civ. P. 81(a)(4).  The

AEDPA does not define "second or successive."  The Supreme Court has stated that the term

"takes its full meaning from [the Court's] case law, including decisions predating the enactment

of [AEDPA]."  *Panetti v. Quarterman,* 551 U.S. 930, 943–44 (2007) (internal citations omitted).

The "gatekeeping" provision of the AEDPA, 28 U.S.C. § 2244, governs second or successive

habeas petitions under § 2254.  The AEDPA imposes the following three requirements on those

petitions deemed second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be
>
> dismissed.  § 2244(b)(1).  Second, any claim that has *not* already been adjudicated must
>
> be dismissed unless it relies on either a new and retroactive rule of constitutional law or
>
> new facts showing a high probability of actual innocence.  § 2244(b)(2). Third, before the
>
> district court may accept a successive petition for filing, the court of appeals must
>
> determine that it presents a claim not previously raised that is sufficient to meet §
>
> 2244(b)(2)'s new-rule or actual-innocence provisions.  § 2244(b)(3).

---

[5]The Eighth Circuit Court of Appeals has instructed district courts to conduct "a brief
initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive
habeas petition.  *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002).

*Ward*, 577 F.3d at 932 - 33 (8th Cir. 2009) (citing *Gonzalez*, 545 U.S. at 529-30).  If Barnett's

60(b) motion is determined to be a second habeas corpus application, then it is subject to 28

U.S.C. § 2244(b) as a successive application for habeas relief, and the Court should dismiss it for

failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the

purported Rule 60(b) motion to the Court of Appeals."  *See Boyd*, 304 F.3d at 814; *Johnson v.*

*United States*, No. 4:06CV1363CAS, 2009 WL 3152984, at * 2 (E.D. Mo. Sept. 24, 2009).

 "The Court has declined to interpret 'second or successive' as referring to all § 2254

applications filed second or successively in time, even when the later filings address a state-court

judgment already challenged in a prior § 2254 application."  *Panetti*, 551 U.S. at 944.  The

Supreme Court held, in *Gonzales v. Crosby*, that a state prisoner's Rule 60(b) motion challenging

a federal court's "previous resolution of a claim on the merits" is successive, "since alleging that

the court erred in denying habeas relief on the merits is effectively indistinguishable from

alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas

relief."  *Gonzales*, 545 U.S. at 532.  The *Gonzales* Court further clarified, "[t]hat is not the case,

however, when a Rule 60(b) motion [does not attack] the substance of the federal court's

resolution on the merits.[6]  *Id.*  Thus, Rule 60(b) creates an exception to the finality of a district

court's judgment in a habeas proceeding, so that, "[i]f neither the motion itself nor the federal

judgment from which it seeks relief substantively addresses federal grounds for setting aside the

movant's state conviction, allowing the motion to proceed as denominated creates no

inconsistency with the habeas statute or rules."  *Id.* at 533.  *See also Blackwell v. U.S.*, No.

4:99CV1687CAS, 2009 WL 3334895, at * 2 (E.D. Mo. Oct. 14, 2009).

---

[6]The *Gonzales* court also found that when a Rule 60(b) motion attacks "some defect in
the integrity of the federal habeas habeas proceedings," such as fraud on the federal habeas court,
the motion is not a successive habeas petition.  *Gonzalez,* 545 U.S. at 532, 532 n.5.

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a "claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.'" *Id.* (citing *Gonzalez*, 545 U.S. at 530, 532). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* (citing *Gonzales*, 545 U.S. at 532 n.4).

A motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, *procedural default*, or statute-of-limitations bar." *Gonzales*, 545 U.S. at 532 n.4 (emphasis added). *See also Slack v. McDaniel,* 529 U.S. 473, 485–86 (2000) (concluding that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) ("In his Rule 60(b)(6) motion, Adams challenges the district court's determination that his claims were procedurally defaulted. Thus, Adams's Rule 60(b)(6) motion is not to be construed as an improper successive habeas petition and is properly before the district court."); *Williams v. Thaler,* 602 F.3d 291, 305 (5th Cir. 2010) (holding that the court had jurisdiction to consider petitioner's Rule 60(b) motion where petitioner challenged the district court's ruling on procedural default). This reasoning is illustrated in *Gonzalez,* in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under the AEDPA. *Ward*, 577 F.3d at 933. Because in *Gonzales*, the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert

a claim, the Supreme Court held that it was not a second or successive habeas petition.  *Id.*
(citing *Gonzales*, 545 U.S. at 535-36).

The government argues that Barnett's 60(b) motion was a second or successive petition
under § 2244, and, as such, the Court lacked jurisdiction to consider it.  Barnett argues, under the
rationale of Gonzales, that the 60(b) motion seeks review of grounds previously raised that were
not decided on the merits because of a finding of *procedural* default, which has recently been
changed by the Supreme Court's decision in *Martinez v. Ryan,* 132 S.Ct. 1309 (2012).  Barnett
further maintains that the Supplemental Application for Habeas Corpus, previously dismissed by
this Court as successive [ECF No. 80], was not a second habeas petition, as it brought the
asserted claims when they first ripened for review – when the Supreme Court issued *Martinez*.
The Court will now examine each of the Grounds (I, XVII, and XIX) argued by Barnett and the
Supplemental Application, to determine whether they are successive.

1.    **<u>Ground I</u>**

As noted above, Ground I is based on the denial of effective assistance of counsel at the
penalty phase of the trial due to counsel's failure to investigate and present mitigating evidence
about Barnett's biological father, mother, and mother's family.  Upon habeas corpus review, this
Court explained that the state post-conviction motion court held that Barnett's 29.15 pleadings
were deficient because he failed to "1) specifically identify who the witnesses were, 2) what their
testimony would have been, 3) whether or not counsel was informed of their existence, and 4)
whether or not they were available to testify."  *Barnett*, 2006 WL 2475036 at * 24; *Barnett*, 103
S.W.3d at 770.  The state post-conviction motion court noted that, as Barnett's pleadings
consisted only of bare assertions and conclusions, it could not meaningfully apply the *Strickland*

9

standard[7] for ineffective assistance of counsel." *Barnett*, 103 S.W.3d at 770.  The Missouri Supreme Court affirmed the motion court's finding of procedural default, holding that Petitioner's Rule 29.15 pleadings were deficient.  *Id.*  This Court concluded, in its memorandum and order dated August 24, 2006, that the application of Missouri's procedural rule foreclosed consideration of underlying federal questions involving ineffectiveness of counsel on the merits as to Ground I.  *Barnett*, 2006 WL 2475036, at * 27.

Barnett contends in his 60(b) motion that he seeks review of the substantive ineffective assistance of counsel claims raised in Ground I, that have never received merits review by any court.  This Court previously denied the 60(b) motion for relief, deeming it a successive petition, requiring authorization by the Court of Appeals.  In the instant 59(e) Motion, Barnett maintains that the claim relating to Ground I is not successive as it challenges whether the ineffective assistance of counsel claim was procedurally barred, and therefore, was confined to the non-merits aspect of the first federal habeas proceedings.  The government concedes, in its Suggestions in Opposition to Motion to Amend Judgment, that petitioner did not receive a decision on the merits as to Ground I [ECF No. 92, at 7].  The government however, argues that the claim is successive as "there was no decision about that ineffectiveness claim as to ground 1 because petitioner simply did not assert ineffective assistance of post conviction counsel as *cause* to overcome the [procedural] default[.]"  *Id.* (emphasis added).[8]

---

[7]In order to prevail on [an] ineffective assistance of trial counsel claim, Petitioner must show both that trial counsel's performance was unreasonable and that Petitioner was prejudiced by counsel's performance.  *Etenburn v. Norman*, No. 4:11CV1181RWS, 2012 WL 3027923, at * 2 (E.D. Mo. July 24, 2012) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

[8]A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice.  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

Barnett responds that just because he did not specifically raise the issue of post-conviction counsel's effectiveness as to Ground I in prior proceedings, it does not preclude him from raising it in the 60(b) motion.  Barnett notes that the underlying substantive claims raised are the exact same claims raised in the original petition.  He contends that he is not raising new claims, but requesting the Court re-examine its holding that the claims in Ground I could not be considered on the merits because of an independent and adequate state ground (procedural default) for denial of relief.  The Court also finds the government's rationale unpersuasive.  As noted below, in Ground XVII, even had Barnett contended, prior to the ruling in *Martinez*, that the ineffectiveness of his post-conviction counsel constituted cause to overcome the procedural default due to his deficient pleadings, this argument would have failed under the existing Supreme Court precedent in *Coleman*.[9]  501 U.S. at 757 (concluding that as Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas).

Furthermore, the Court does not find Barnett's ineffective assistance of post-conviction counsel claim to be barred on habeas because it was not raised in state court.  *Martinez* does not seem to require that a claim of ineffectiveness of post-conviction counsel as cause for default be itself exhausted.  It appears that the first time the petitioner in *Martinez* argued ineffective assistance of post-conviction relief counsel was in his federal habeas petition.  *See Martinez v. Ryan,* 132 S.Ct. at 1314; *Martinez v. Schriro,* 623 F.3d 731, 734 (9th Cir. 2010), *rev'd by Martinez v. Ryan,* 132 S.Ct. at 1309.  Notwithstanding, the Supreme Court in *Martinez* did not

---

[9]The *Martinez* Court recognized that *Coleman* held that an attorney's negligence in a post-conviction proceeding does not establish cause, and characterized its holding in *Martinez* as a "limited qualification" to that rule.  *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citing *Martinez*, 132 S.Ct. at 1319).

find the claim barred for not being presented to the state courts.  Therefore, there seems to be no requirement, under the narrow circumstances of *Martinez*, that Barnett raise the ineffective assistance of post-conviction counsel as cause for his procedural default before the state court.

Here, it is undisputed that Ground I was deemed procedurally barred, and hence, there was no decision on the merits by this Court, nor any court.[10]  As denoted above, under *Gonzales*, no claim is presented if the 60(b) motion does not attack a federal court's determination on the merits.  Barnett's 60(b) motion does not challenge a determination on the merits, as it "merely assert[ed] that a previous ruling which precluded a merits determination was in error - for example . . . procedural default."  *Gonzales*, 545 U.S. at 532 n.4.  Therefore, as to Ground I, the Court does not find Barnett's 60(b) motion successive.

### 2.   <u>Ground XVII</u>

In Ground XVII, Barnett alleges that trial counsel failed to request that the trial judge instruct the jury, during the penalty phase, that it could draw no adverse inference from petitioner's failure to testify.  *Barnett*, 2006 WL 2475036, at * 94.  Barnett failed to raise this claim in his first amended motion before the state motion court.  *Id.*  The Missouri Supreme Court addressed the claim, noting that under Rule 29.15, Barnett failed to preserve this claim by not raising it in his post-conviction relief motion, rendering it procedurally barred.  *Id*. at * 95. The Missouri Supreme Court also stated that, even if Barnett's claim were not procedurally barred, it would still be without merit.  *Id.*

---

[10]The Eighth Circuit Court of Appeals affirmed the district court's denial of habeas relief as to Ground I, concluding that there was an independent and adequate basis for the denial of Barnett's request for an evidentiary hearing, precluding consideration of that claim on review [ECF No. 52].

This Court found that the Missouri court's merits review was merely an alternative holding to the procedural ruling that the claim was defaulted. *Id.* The Court further noted that when the state court review of the merits is an alternative holding to the procedural bar, the procedural ruling remains an independent and adequate state ground. *Id.* (citing *Harris v. Reed,* 489 U.S. 255, 264 n.10 (1989)). Unlike Ground I, in Ground XVII, Barnett attempted to excuse his default by claiming that the cause for his procedural default was due to the ineffective assistance of his post-conviction relief counsel. *Id.* at 96.[11] This Court rejected his argument, in its denial of habeas relief, finding that it is the law of this Circuit that the alleged ineffectiveness of state post-conviction counsel cannot supply the required cause to excuse a procedural default. *Id.* (citing *Brown v. Luebbers*, 344 F.3d 770, 775 - 76 (8th Cir. 2003)). Although noting the alternative holding of the Missouri Supreme Court as to the *merits* of Ground XVII, the Court concluded that Ground XVII was procedurally barred, and found no cause and prejudice to excuse the default**.** *Id.*

As with Ground I, Barnett argues that his 60(b) claim pertaining to Ground XVII is not successive as he is challenging a non-merits aspect of the first federal habeas proceeding. The government argues Ground XVII is a successive petition, as the "court determined that petitioner's contention that he received ineffective assistance of post conviction counsel was meritless." [ECF No. 92, at 7]. The government's argument is unpersuasive as it references an alternate holding of the *Missouri Supreme Court* as to the merits of Ground XVII, and is not a reference to a "federal court's previous resolution of [a] claim on the merits.*" See Gonzalez*, 545 U.S. at 530, 532 (emphasis added).

─────────────────────

[11]Under Ground I, Barnett does not attempt to excuse his procedural default, but instead focuses his argument on compliance with the procedural rule itself.

The Court finds that the 60(b) motion pertaining to Ground XVII does not attack a "federal court's determination on the merits."  As such, the Court concludes that the 60(b) claim relating to Ground XVII is not a successive habeas application under § 2244(b).

### 3.    <u>Ground XIX</u>

Barnett alleges under Ground XIX that the Missouri Supreme Court failed to provide the petitioner the meaningful appellate review of whether the sentence of death against him violated the proportionality guaranty created by state statute, both on the facts of this specific case and systematically as to all cases.  *Barnett*, 2006 WL 2475036, at * 97.  Petitioner raised this argument on direct appeal.  *State v. Barnett*, 980 S.W.2d at 310.  The Missouri Supreme Court dismissed his argument.  *Id.*  In denying habeas relief as to Ground XIX, this Court determined that Petitioner's right to proportionality review was not denied, and that the Missouri Supreme Court undertook the required comparative analysis.  *Barnett*, 2006 WL 2475036 at * 99.  The government contends that Petitioner seeks relief under 60(b) on the merits of a claim that has been previously adjudicated in federal court.  [ECF No. 92, at 7].  *See also Gonzalez,* 545 U.S. at 532, n.4  ("On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)").  Here, as to Ground XIX, the 60(b) motion constitutes an attack on the "federal court's previous resolution of the claim on the merits," and must be treated as a second or successive habeas petition under AEDPA.  *Id*. at 532.  As a second or successive habeas petition, the claim must be dismissed.  28 U.S.C. § 2244(b)(1).[12]  Therefore, the 60(b) motion was properly denied as to Ground XIX.

---

[12]Barnett also argues that he is raising a "new due process violation" as to the proportionality review.  Even if the claims under Ground XIX were *not* presented in the prior habeas corpus application, dismissal is still warranted as the claims, even if deemed new, do not meet the requirements of § 2244.  First, the claims did not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. §

4.      **Supplemental Application for Habeas Corpus Under 28 U.S.C. § 2254**

When Barnett filed his Rule 60(b) motion for relief from judgment, he also filed a

Supplemental Application for Habeas Corpus under 28 U.S.C. § 2254 ("Supplemental

Application") [ECF No. 77].  On July 10, 2012, the Court subsequently deemed this application

successive, and dismissed it without prejudice [ECF No. 80].  Petitioner seeks amendment of this

order in the instant Rule 59(e) Motion.  Barnett maintains that this Supplemental Application is

not successive as he brought the claims in the Supplemental Application when they first ripened

for review after *Martinez* was decided [ECF No. 84, at 8-9].  Barnett argues that, prior to

*Martinez*, these claims could not be heard on the merits by the District Court, and thus were not

ripe for review.  *Id.*

This Court rejects Barnett's argument, and concludes that his Supplemental Application

is successive.  According to § 2244(b), "[a] claim presented in a second ... habeas corpus

application ... that was presented in a prior application shall be dismissed." § 2244(b)(1).  This

Court has held that, "to the extent [petitioner's] application reasserts constitutional violations

already raised in his first habeas proceeding, § 2244(b)(1) prevents their reconsideration in a

second habeas action."  *Roberts v. Bowersox*, 170 F.3d 815, 815-16 (8th Cir. 1999).  In his

Supplemental Application, Barnett asserts three claims - two ineffective assistance of counsel

claims, and a claim alleging a violation of due process of law in Missouri's proportionality

review process.  These claims are the same claims presented in Barnett's initial federal habeas

petition [ECF No. 15].  Thus, pursuant to *Roberts v. Bowersox* and § 2244(b)(1), because Barnett

---

2244(b)(2)(A).  Nor do the claims meet the exception under section (B), which states: The factual
predicate on which the claim is based "could not have been discovered previously through the
exercise of due diligence," and such facts would clearly and convincingly establish that no
reasonable jury would have found the applicant guilty.  28 U.S.C. § 2244(b)(2)(B).

has raised claims that were presented in a prior petition, this Court must construe his second-in-time habeas petition as successive.  As there is no basis to alter or amend this Court's previous judgment, the Court will deny Barnett's instant Motion with regard to the Supplemental Application.

**B.        *Grounds I and XVII - Application of Martinez v. Ryan***

When considering Grounds I and XVII of Petitioner's Application for Habeas Corpus, this Court previously found the state judgment independently and adequately rested on a failure to comply with the state procedural requirement, precluding federal review on the merits. *Barnett*, 2006 WL 2475036, at ** 25, 95.  Under the independent and adequate state grounds doctrine, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule," where that procedural rule is, *inter alia*, "firmly established and consistently followed." *Martinez*, 132 S.Ct. at 1316.  However, a federal court may review the merits in the rare case where "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman,* 501 U.S. at 750.  Here, the Court rejected Barnett's argument in his Application for Habeas Corpus, that "cause" existed to excuse his procedural default on Ground XVII.[13]  *Barnett*, 2006 WL 2475036, at * 96.  Under Ground I, however, Barnett did not argue ineffectiveness of his post-conviction counsel as "cause" to

---

[13]As to Ground XVII, Barnett alleged that the ineffectiveness of state post-conviction counsel, in failing to raise trial counsel's failure to request an adverse inference instruction in his First Amended Motion, provided cause for his default.  *Barnett,* 2006 WL 2475036, at * 94.

16

excuse procedural default in his application for habeas corpus, or in his subsequent appeal of its

denial by this Court.  He first raised this argument as to Ground I in his 60(b) motion.[14]

In *Martinez*, the Supreme Court expanded what may constitute cause for the default,

holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may

establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

132 S.Ct. at 1315.  In so doing, the Court recognized a limited exception to *Coleman v.*

*Thompson,* which had held that ineffective assistance of a post-conviction attorney could not

constitute cause for a procedural default.  *Id.* at 1319.[15]  The Supreme Court, in *Martinez*,

distinguished between attorney errors in initial-review collateral proceedings versus errors in

other kinds of collateral proceedings, explaining, "[w]hen an attorney errs in initial-review

collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim,"

whereas when counsel errs in other kinds of collateral proceedings, at least "the claim will have

been addressed by one court."  *Id.* at 1316.  The *Martinez* Court held that in the very limited

circumstance when state law requires prisoners to raise an ineffective assistance of counsel claim

in a collateral proceeding:

 [A] prisoner may establish cause for a default of an ineffective-assistance claim

 in two circumstances. The first is where the state courts did not appoint counsel in

 the initial-review collateral proceeding for a claim of ineffective assistance at trial.

---

[14]Instead of arguing "cause and prejudice" to overcome the state motion court's finding of procedural default under Ground I in habeas review, Barnett contended that non-compliance with the state's procedural rule did not create an adequate bar to review.  *Id.* at 26-27.

[15]Prior to *Martinez,* it was settled law that ineffective assistance of post-conviction counsel could not establish cause and prejudice to excuse a procedural default because there existed no constitutional right to post-conviction counsel.  *Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012); *See, e.g., Coleman*, 501 U.S. at 752 - 54.

> The second is where appointed counsel in the initial-review collateral proceeding,
> where the claim should have been raised, was ineffective under the standards of
> *Strickland v. Washington* ... To overcome the default, a prisoner must also
> demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a
> substantial one, which is to say that the prisoner must demonstrate that the claim
> has some merit.

*Martinez,* 132 S.Ct. at 1318.  Spoken another way, where state law bars a defendant from raising claims of ineffective assistance of trial counsel on direct appeal, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Martinez,* 132 S.Ct. at 1320; *see also Dansby v. Norris,* 682 F.3d 711, 728 (8th Cir. 2012) , *adhered to on denial of reh'g sub nom.*; *Dansby v. Hobbs,* 691 F.3d 934, 936 (8th Cir. 2012).

Under Missouri law, ineffective assistance of counsel claims must first be raised in a Rule 29.15 collateral proceeding.  Mo. Sup. Ct. R. 29.15 (stating that "Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court" for ineffective assistance of counsel, among other violations).  Furthermore, "any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal," including ineffective assistance of counsel claims.  *State v. Clay,* 975 S.W.2d 121, 141 (Mo. 1998); *see also State v. Taylor,* 1 S.W.3d 610, 612 (Mo. Ct. App. 1999) (stating that "[c]laims of ineffective assistance of counsel are not cognizable in a direct appeal," but must be raised first in a Rule 29.15 proceeding).

Petitioner argues, under Ground I, that his trial counsel was ineffective at the penalty phase of his trial due to trial counsel's failure to investigate and present mitigating evidence about the petitioner's biological mother and her family [ECF No. 78, ¶ 1].  He further argues that

18

his Rule 29.15 counsel was likewise ineffective for failing to follow a state procedural rule regarding proper pleadings in the initial post-conviction relief proceeding. *Id.* at ¶2. Under Ground XVII, Barnett contends that he was denied effective assistance of counsel at the penalty phase of his trial due to trial counsel's failure to request a jury instruction that the jury could draw no adverse inference from Mr. Barnett's failure to testify. *Id.* at ¶ 1. Barnett argues that post-conviction counsel failed to raise this issue of ineffective assistance of trial counsel as to Ground XVII in the initial post-conviction proceeding. *Id.* at ¶ 3. Because ineffective assistance of counsel in collateral proceedings was not considered sufficient cause for procedural default prior to *Martinez,* these claims have remained defaulted, and, furthermore, neither Ground I or XVII has been addressed on the merits by the federal habeas court. *Id.* at ¶ 4.

Missouri's law requiring an ineffective assistance of counsel claim to be raised first in a collateral proceeding mirrors the Arizona state law at issue in *Martinez. See Osborne v. Purkett*, No. 03-653-CV-W-NKL, 2012 WL 5511676, at * 3 (W.D. Mo. Nov. 14, 2012). Here, as just noted, Barnett alleges the ineffective assistance of post-conviction counsel at the initial review collateral proceedings for both Grounds I and XVII. As in *Martinez*, there is a double-layer of trial and post-conviction counsel ineffectiveness alleged for both grounds. The Court finds that Barnett's claims under Grounds I and XVII fall under the "second circumstance," enumerated by *Martinez*, which establishes *cause* for the default of an ineffective assistance of counsel claim where the appointed counsel in the initial review collateral proceeding fails to properly raise the claim of ineffective assistance at trial. *Martinez,* 132 S.Ct. at 1318 (emphasis added). However, as *Martinez* notes, to overcome default, Barnett must also demonstrate that the *underlying* ineffective assistance of trial claim is a "substantial one, which is to say that the prisoner must

19

demonstrate that the claim has some merit."[16]  *Id.*  With respect to what constitutes a

"substantial" claim, the *Martinez* Court suggested, by citing *Miller–El v. Cockrell,* 537 U.S. 322

(2003) (describing standards for certificates of appealability to issue), that courts should apply

the standard for the issuance of certificates of appealability.  *Martinez,* 132 S.Ct. at 1318 - 19.

*See also Bender v. Wynder*, No. 05-998, 2012 WL 6737840, at * 3 (W.D. Pa. Dec. 28, 2012).

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if "a petitioner has

made a substantial showing of the denial of a constitutional right."  *See Miller–El,* 537 U.S. at

335–36 (describing standard); *Garrett v. United States,* 211 F.3d 1075, 1076 (8th Cir. 2000)

(same); *Carter v. Hopkins,* 151 F.3d 872, 874 (8th Cir. 1998) (same); *Cox v. Norris,* 133 F.3d

565, 569 (8th Cir. 1997) (same).  "A substantial showing is a showing that issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further

proceedings."  *Cox,* 133 F.3d at 569; *see also Miller–El,* 537 U.S. at 336 (explaining standard).

When the district court denies relief on procedural grounds, to obtain a certificate of

appealability, the prisoner must demonstrate *both* that the dispositive procedural ruling is

debatable, and that the petition states a debatable claim of the denial of a constitutional right.

*Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000).

1. **Ground I - Underlying Ineffective Assistance of Counsel Claim is Substantial Under *Martinez***

Here, this Court issued a certificate of appealability as to the claim presented in Ground I,

that Barnett's trial counsel was ineffective at the penalty phase of his trial due to trial counsel's

---

[16]Concluding that the ineffectiveness of trial counsel claim "has some merit" is *not* the equivalent of concluding that this ineffectiveness claim is meritorious under *Strickland v. Washington,* 466 U.S. 668.  *Sheppard v. Robinson*, No. 1:00-CV-493, 2013 WL 146342, at * 13 (S.D. Ohio 2013).

20

failure to investigate and present mitigating evidence about the petitioner's biological father, mother and mother's family.  As noted, the issuance of a certificate of appealability requires a substantial showing of the denial of a constitutional right.  On habeas review, the Court found that Missouri's procedural rule ultimately foreclosed consideration of federal questions involving ineffectiveness of trial counsel on the merits as to Ground I.  However, in contrast to the state court's determination of deficient pleadings, this Court stated that the pleadings substantially *complied* with the procedural rule, as there was sufficient information in Barnett's post-conviction pleadings to identify witnesses willing to testify who were available but were never contacted.  *Barnett*, 2006 WL 2475036, at * 27.  Thus, the Court found that the dispositive procedural ruling was debatable.

Furthermore, the Court determined that there was a debatable claim of the denial of a constitutional right.  The Court concluded that Barnett's mother and Mary Melton [a family friend of Barnett's mother] had powerful testimony that was never presented.  *Id.*  Nevertheless, the Court added that the investigation of the trial counsel had produced substantial mitigating evidence, unlike cases where investigation was non-existent or superficial.  *Id.*  The Court also acknowledged that the state trial judge heard all the evidence at trial and had the opportunity to determine if the proffered information in Barnett's First Amended Motion justified an evidentiary hearing.  *Id.*  Therefore, as it was debatable whether Barnett was denied a constitutional right, the Court issued a certificate of appealability.  For purposes of *Martinez*, based on Barnett's allegations of mitigating evidence not investigated and presented in the penalty phase by trial counsel, and the Court's issuance of a certificate of appealability as to

21

Ground I, reflecting a "substantial showing of the denial of a constitutional right," the Court finds that the underlying ineffective assistance of trial counsel claim is a "substantial one."[17]

### 2. Ground XVII - Underlying Ineffective Assistance of Counsel Claim is Not Substantial Under *Martinez*

In Ground XVII, the underlying assistance of trial counsel claim concerns trial counsel's failure to request an adverse inference instruction during the penalty phase. *Barnett*, 2006 WL 2475036, at * 94. As noted earlier, post-conviction counsel failed to raise this claim in its initial post-conviction proceeding, resulting in a determination of procedural default by the Missouri Supreme Court. The Missouri Supreme Court, however, also held that even if Barnett's claim was not procedurally barred, his claim would still be without merit. *Barnett v. State*, 103 S.W.3d at 773. The Missouri Supreme Court stated the following:

---

[17] *Martinez* further requires the post-conviction counsel to be ineffective in the initial review collateral proceedings under the standards of *Strickland v. Washington*. *Martinez*, 132 S.Ct. at 1318. To prevail under *Strickland,* a defendant must first show that his attorney's performance was deficient. *Strickland,* 466 U.S. at 687. Additionally, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court must, therefore, undertake an analysis of whether the post-conviction counsel was ineffective under *Strickland*. Under Ground I, Barnett did not argue ineffectiveness of post-conviction counsel, in his application for habeas corpus or his appeal from its denial, as "cause" to excuse his procedural default due to the deficiency of his pleadings at the initial-review state collateral proceeding. Furthermore, this Court noted, in its order denying Barnett's habeas application, that Barnett's "deficient" pleadings substantially *complied* with the procedural rule, although still finding the claim procedurally defaulted. *Barnett,* 2006 WL 2475036, at ** 26 - 27 (emphasis added). The Court disagreed with the findings of the state court, noting that Barnett filed "detailed, thorough pleadings." *Id.* at * 26. Although this observation by the Court would seem to call into question the first prong of *Strickland,* which requires a showing that counsel's performance was deficient, the Court will accept the state court's determination that post-conviction counsel filed "deficient pleadings" for purposes of analysis under *Martinez*. It would seem inconsistent to this Court to allow its determination that Barnett's claims should *not* have been procedurally defaulted, to enable them to remain procedurally defaulted under *Martinez*. Therefore, the state motion court's determination that Barnett's post-conviction counsel's failed to comply with the state procedural rule, which barred review on the merits, establishes deficient performance and a reasonable probability of prejudice under *Strickland*.

Even if Barnett's claim were not procedurally barred, Barnett's claim would still be

without merit. This Court has recognized that submission of the no-adverse inference

instruction is optional. *See MAI–CR 3d 308.14, Notes on Use 2; see also Knese v. State*,

85 S.W.3d 628, 635 (Mo. banc 2002) (holding that it is reasonable for counsel to forego

requesting the instruction, believing that it highlights the fact that the defendant did not

testify). The omission of this optional instruction fails to establish prejudice cognizable

by *Strickland*.[18]

*Id.*

As previously noted, this Court stated, in its memorandum and order denying habeas

relief, that the Missouri Supreme Court's merits review was an alternative holding to the

procedural ruling of default, which provided an independent and adequate state ground

precluding federal review. This Court then concluded, under Eighth Circuit precedent, that

Barnett's allegations of ineffectiveness of state post-conviction counsel could not supply the

required "cause" to excuse this procedural default. *Barnett*, 2006 WL 2475036, at * 96.

The Court, therefore, did not grant federal habeas relief as to Ground XVII. Nor did the

Court find a substantial showing of the denial of a constitutional right, as it declined to issue a

certificate of appealability. It is undisputed that Barnett's trial counsel did not request the no

adverse inference instruction in the penalty phase. Defendants have a right to the no adverse

instruction *upon request*. *See Carter v. Kentucky*, 450 U.S. 288, 300 (1981). Decisions of trial

counsel to forego a jury instruction on no-adverse-inference are often reasonable. *See Knese v.

Roper*, No. 4:03CV1082CEJ, 2006 WL 2506005, at * 8 (E.D. Mo. Aug. 28, 2006) ("[T]he

---

[18] The Missouri Supreme Court cites to their decision in *Knese v. State*, where it found
that, given the extensive confessions admitted at trial, it was reasonable trial strategy to forego
requesting a jury instruction. 85 S.W.3d at 634.

23

decision of counsel to forego . . . a jury instruction on no-adverse-inference was reasonable considering Petitioner's extensive confessions which were admitted at trial.").  Furthermore, "decisions involving trial strategy are 'virtually unchallengeable.'"  *Loefer v. U.S.*, 604 F.3d 1028, 1030 (8th Cir. 2010) (quoting *Link v. Luebbers,* 469 F.3d 1197, 1204 (8th Cir. 2006)).

Here, the record does not establish that Barnett was denied the right to a no adverse inference instruction *upon request*.  Nor does the record show that trial counsel simply did not opt to forego the instruction as a matter of trial strategy.  Furthermore, this Court has already acknowledged the overwhelming strength of the evidence in this case, as well as the horrible circumstances of the crime.  *Barnett*, 2006 WL 2475036, at * 99.  Barnett confessed in writing, on audiotape and videotape, and re-enacted the crime at the victims' house.  *Barnett*, 103 S.W.3d at 771.  There was a multitude of uncontroverted evidence that Barnett killed the victims in a deliberate manner.  *Id.* at 770.  Given that petitioner only has a right to the instruction upon request, which is lacking here, and in light of the overwhelming and uncontroverted evidence against Barnett, the record does not establish that Barnett's ineffective assistance of trial counsel claim is substantial and meritorious.[19]

---

[19]The Court has noted that the Missouri Supreme Court found Ground XVII to lack merit under *Strickland*.  In the context of a habeas review, under the AEDPA, federal courts review state court decisions under a deferential standard.  *Owens v. Dormire,* 198 F.3d 679, 681 (8th Cir. 1999).  Employing this deferential standard, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  *Knese v. Roper*, No. 4:03CV1082 CEJ, 2006 WL 2506005, at * 3 (E.D. Mo. Aug. 28, 2006) (quoting 28 U.S.C. § 2254(d)(1)).  Although the AEDPA certainly applies to the instant Motion, it is unclear whether the Court must utilize a deferential standard to determine whether the underlying ineffectiveness claim is substantial.  The state court's decision as to Ground XVII involved a merits determination under *Strickland*.  Here, however, the Court is not determining whether the underlying ineffective assistance of trial counsel claim is meritorious under *Strickland*, but analyzing instead, whether this claim is *substantial* under *Martinez*.  Although the two analyses appear distinct, the Court further adds, that it also finds, employing a deferential standard, that the Missouri Supreme Court's decision

Accordingly, this Court concludes that the underlying ineffective assistance of trial counsel claim relating to Ground XVII is *not* a *substantial* one.  Here, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, as Ground XVII does not fall under the narrow expansion crafted by *Martinez* of what may constitute cause for default, the Court finds that the Rule 60(b) motion was properly denied as to this claim.[20]

## C.    *Relief under Rule 60(b)(6) - Ground I*

As the procedural default relating to Ground I has been excused under *Martinez*, the Court will now consider whether Barnett is entitled to relief under Rule 60(b)(6).  Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason that justifies relief" from the operation of the judgment.  Fed. R. Civ. P. 60(b)(6).  A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances" to justify the reopening of a final judgment.  *Gonzalez*, 545 U.S. at 535.  The Supreme Court has recognized that "[s]uch circumstances will rarely occur in the habeas context."  *Id.*  "[Rule 60(b)] is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served."  *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir.

---

that Ground XVII lacks merit, did not involve an unreasonable application of federal law.

[20]The Court need not reach the additional analysis, also required under *Martinez*, of whether the post-conviction counsel was ineffective under *Strickland*, as here, the underlying ineffective assistance of trial counsel claim is not substantial.  *See Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) ("If trial counsel was not ineffective, then [petitioner] would not be able to show that [post-conviction relief] counsel's failure to raise claims of ineffective assistance of trial counsel was such a serious error that [post-conviction relief] counsel was not functioning as the counsel guaranteed by the Sixth Amendment.") (internal citation and quotations omitted).

1997) (citing *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989).

Barnett argues that a supervening change in the law can present extraordinary circumstances sufficient for Rule 60(b)(6) relief [ECF No. 78, at 13]. Barnett contends that the change in law which occurred as a result of *Martinez* was not small or insignificant, and cites to the Ninth Circuit, which considered *Martinez* in *Lopez v. Ryan*, and found:

> The nature of the intervening change of law at issue here [in *Lopez*] differs from the situations at issue in [other cases]. Here, it was settled law that post-conviction counsel's effectiveness was irrelevant to establishing cause for procedural default. ... In *Martinez*, however, the Supreme Court 'qualifie[d] Coleman by recognizing a narrow exception.' ... Unlike the 'hardly extraordinary' development of the Supreme Court resolving an existing circuit split [as in] *Gonzalez* . . . the Supreme Court's development in *Martinez* constitutes a remarkable—if 'limited,' . . . development in the Court's equitable jurisprudence.

*Id.* at 15 (quoting *Lopez*, 678 F.3d at 1136) (citing *Martinez*; *Coleman*, 501 U.S. 722; *Gonzalez*, 545 U.S. at 536). Barnett argues that the nature of the change in law brought about by *Martinez*, coupled with the circumstances of his case are "extraordinary" [ECF No. 78, at 16].

The government disputes that Barnett establishes extraordinary circumstances justifying relief from the operation of the judgment under Rule 60(b)(6). The government cites to the Fifth Circuit's decision in *Adams v. Thaler*, which noted that *Martinez* "is simply a change in decisional law" and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." 679 F.3d 312, 320 (5th Cir. 2012). Other district courts have ruled similarly with the Fifth Circuit in finding that *Martinez* does not present extraordinary circumstances, justifying reopening habeas proceedings under Rule 60(b). *See Jackson v. Ercole,* No. 09–CV–1054, 2012

26

WL 5949359, at * 4 (W.D. N.Y. Nov. 28, 2012); *Fitzgerald v. Klopotoski,* No. 09–1379, 2012 WL 5463677, at * 3 (W.D. Pa. Nov. 8, 2012); *Gale v. Wetzel,* No. 1:12–CV–1315, 2012 WL 5467540, at * 9 (M.D. Pa. Sept. 27, 2012); *Vogt v. Coleman,* No. 08–530, 2012 WL 2930871, at ** 3–4 (W.D. Pa. July 18, 2012);  *Brown v. Wenerowicz,* 2012 WL 6151191, at * 3 (E.D. Pa. Dec. 11, 2012); *Kibby v. Kemna,* 2012 WL 4464687, at * 4 (E.D. Mo. Sept. 26, 2012); *Horton v. Sheets,* No. 2:07-CV-525, 2012 WL 3777431, at * 2 (S.D. Ohio Aug. 30, 2012).  The cases just enumerated, however, are *non-capital* cases, and therefore, although they examine (and reject) whether *Martinez* constitutes extraordinary circumstances under 60(b), they are distinguishable from the instant motion.

Several courts with capital cases pending before them, including *Adams v. Thaler*, cited by the government, have also addressed and rejected the notion that *Martinez* satisfies Rule 60(b)'s extraordinary circumstances.  *See also Haynes v. Thaler,* No. H–05–3424, 2012 WL 4739541, at * 4 (S.D. Tex. Oct. 3, 2012);  *Arthur v. Thomas,* No. 2:01-CV-0983-LSC, 2012 WL 2357919, at * 6 (N.D. Ala. June 20, 2012);  *McGuire v. Warden, Chillicothe Corr. Inst.,* 2012 WL 5303804, at * 5 (S.D. Ohio Oct. 25, 2012)*; Sheppard v. Robinson*, No. 1:00-CV-493, 2013 WL 146342, at * 11 (S.D. Ohio, Jan. 14, 2013); *But see Lopez,* 678 F.3d at 1136; and *Cook v. Ryan,* No. CV–97–00146–PHX–RCB, 2012 WL 2798789, at * 6 (D. Ariz. Jul. 9, 2012) (concluding that the nature of the change in law heralded by *Martinez* was a remarkable, albeit limited, development weighing slightly in favor of 60(b)(6) relief.  Although stating that *Martinez* is *not* an "extraordinary circumstance," in several of the aforementioned capital cases, application of *Martinez* itself was not warranted, as the state law in question did not require an ineffective assistance of trial counsel claim to be raised in a collateral proceeding.  *See Adams*, 679 F.3d at 317 (noting that Texas does not require a defendant to raise an ineffective assistance

27

claim only in state habeas proceedings - inmates can raise *Strickland* claims on direct appeal); *Haynes*, 2012 WL 4739541, at * 3 (remarking that the "Fifth Circuit . . . recently held that *Martinez* does not apply to federal habeas cases arising from Texas convictions . . . Unlike in Arizona, Texas inmates can raise *Strickland* claims in a motion for a new trial or on direct appeal. Texas inmates are therefore "not entitled to the benefit of *Martinez* for [their] ineffectiveness claims") (internal citations and quotations omitted)).  Similarly, in the capital cases,  *Arthur v. Thomas*, *McGuire v. Warden, Chillicothe Corr. Inst.*, and *Sheppard v. Robinson*, the applicable state's law (Alabama and Ohio) did not require prisoners to raise an ineffective assistance of trial counsel claim in a collateral proceeding.  In *Martinez,* Arizona law required Martinez to raise his ineffective assistance of counsel claim on collateral review.  Two actions brought in Arizona pursuant to Rule 60(b), *Lopez* and *Cook*, also mentioned above, found the decision in *Martinez remarkable*, and *slightly in favor* of 60(b) relief.

This Court recognizes that numerous courts which have addressed the import of *Martinez* in the context of Rule 60(b) relief, have rejected the notion that *Martinez* satisfies Rule 60(b)'s "extraordinary circumstances" requirement.  However, the Court cannot rely on those cases that are non-capital in nature, or those that come from jurisdictions unaffected by *Martinez* as the applicable state law does not require a *Strickland* claim to be raised in a collateral proceeding. Furthermore, the Court finds that a consideration of extraordinary circumstances under Rule 60(b)(6) relies on *several factors*, not just a determination as to whether the nature of the intervening law in *Martinez* is extraordinary.  Several courts have taken into account a variety of factors in addition to the nature of the change in law in *Martinez*.  In the Ninth Circuit, the court in *Lopez*, considered several factors in assessing whether there were extraordinary circumstances: the nature of the intervening law; the petitioner's exercise of diligence in pursuing the issue

during federal habeas proceedings; the interest in finality; the delay between the finality of the

judgment and the motion for Rule 60(b) relief; the degree of connection with *Martinez*; and

comity.  678 F.3d at 1135-1137.  *See also Sheppard*, 2013 WL 146342, at * 11 ("Rule 60(b)(6)

relief is a case-by-case inquiry that requires the trial court to intensively balance numerous

factors, including the competing policies of the finality of judgments and the incessant command

of the court's conscience that justice be done in light of all the facts.").  This Court finds the

equitable consideration of factors to be appropriate in light of the capital nature of this case, and

the competing interests of finality and justice.  As such, the Court will examine several factors to

determine whether Barnett is entitled to 60(b)(6) relief on Ground I.

The Court will first consider Barnett's diligence in pursuing his current theory that the

ineffectiveness of his post-conviction counsel provided cause for the procedural default of his

claims.  *See Gonzalez*, 545 U.S. at 537 ("The change in the law . . . is all the less extraordinary in

petitioner's case, because of his lack of diligence in pursuing review of the statute-of-limitations

issue.").  Barnett contends that he diligently attempted to overcome the state's finding of

procedural default.  [ECF No. 84, at 4].  Barnett offers that "[h]e appealed this Court's finding to

the Eighth Circuit Court of Appeals, filed a petition for rehearing *en banc*, and filed a petition for

writ of certiorari to the United States Supreme Court."  [ECF No. 84, at 4].  In addition, he offers

that "these and similar claims have been pending in a motion to reopen the state post-conviction

case since September 7, 2010, and were discussed in Mr. Barnett's Suggestions In Opposition To

the State's Motion To Set An Execution Date, filed in the Missouri Supreme Court on May 24th

of [last] year."  *Id.*

Although Barnett argues that he has diligently attempted to overcome the state's

determination of procedural default, prior to the issuance of *Martinez*, the basis on which he

29

challenged the default of Ground I, was that his alleged non-compliance with the state's procedural rule was not an adequate bar to review of his claim.  Until the Supreme Court decided *Martinez*, which occurred after Barnett's federal habeas proceedings had become final, Barnett had not pursued the theory that he now advances - that his post-conviction counsel's ineffectiveness constitutes cause to overcome procedural default of Ground I.  However, the Court recognizes that, prior to *Martinez*, it was settled law under the established precedent of *Coleman*, that the ineffectiveness of post-conviction counsel could *not* establish cause to excuse a procedural default, because there existed no constitutional right to post-conviction counsel.  In *Lopez,* the court did not fault the petitioner for failing to raise the cause issue in his original federal habeas proceeding before the district court, noting that the issue was "squarely foreclosed by binding circuit and Supreme Court precedent."  678 F.3d at 1136 n.1.  The court in *Lopez* reasoned that requiring a petitioner to raise such, "squarely foreclosed" claims, "would have the perverse effect of encouraging federal habeas lawyers to raise every conceivable (and not so conceivable) challenge[.]"[21]  *Id.*  Contrastingly, however, the Court must note that, regardless of *Coleman*, Barnett *did argue* the ineffectiveness of post-conviction counsel as *cause* to overcome procedural default in *Ground XVII* in his application for habeas corpus.

Nevertheless, Barnett *has* diligently pursued the underlying substantive claim of ineffective assistance of *trial* counsel, and consistently challenged its procedurally defaulted

---

[21]In *Lopez*, the court nonetheless found a lack of diligence as the petitioner failed to raise the issue of ineffectiveness of post-conviction counsel in his petition for certiorari from the denial of federal habeas relief, filed in August, 2011, which was the "same time frame . . .  that other petitioners, like Martinez, were challenging *Coleman*."  *Id.* at 1136.  Although the government similarly argues that Barnett could have challenged *Coleman* and raised the ineffective assistance of post-conviction counsel as cause to overcome default, the Court notes that Barnett's time frame is distinguishable from Lopez's, as Barnett's habeas petition was denied in August, 2006, and his appeal was affirmed and certiorari denied in 2009.

status.  Additionally, three months after *Martinez* was issued on March 20, 2012, Barnett

expeditiously filed his 60(b) motion for relief from judgment [ECF No. 78].  Overall, the Court

does not find Barnett's diligence to weigh strongly in favor of granting or denying relief.  Valid

arguments can be propounded in both directions.  It is a neutral factor.

Turning to other factors, Barnett acknowledges that lack of finality prejudices the

government.  However, Barnett maintains that there is no prejudice to the government beyond the

lack of finality, which he argues was "expressly discounted as a basis for denying Rule 60(b)

relief in *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005)."  [ECF No. 84, at 4].  In *Gonzales*,

the Supreme Court, in considering a 60(b) motion, stated that it "give[s] little weight to the

respondent's appeal to the virtues of finality" as "[t]hat policy consideration standing alone, is

unpersuasive in the interpretation of a provision [60(b)] whose sole purpose is to make an

exception to finality."  *Gonzales*, 545 U.S. at 529.  Barnett argues that the finality of the

judgment must be "weighed against the more irreversible finality of his execution, as well as the

serious concerns about ineffective assistance."  [ECF No. 84, at 5].

The Court finds that the state's and the victims' interests in finality are significant,

especially considering that Barnett's habeas application was denied over six years ago.  Also,

capital jurisprudence does not of itself rise to the level of an extraordinary circumstance.

However, the Court concedes that capital punishment jurisdiction cautions that the death penalty

is different, and requires a greater need for reliability, consistency and fairness.  *See Sheppard*,

2013 WL 146342, at * 12.  Lessening any weight the capital nature of the action bestows, is the

multiple layers of review that Barnett has received.  *See id.*  Nevertheless, although the reliability

of Barnett's sentence is enhanced by many tiers of review, the claim at issue here, the

ineffectiveness of trial counsel, due to failure to investigate and present mitigating evidence in

the penalty phase, has never been heard on its merits, and directly implicates the reliability of Barnett's sentence.  Clearly, this factor is also a close call.

Another consideration is the degree of connection between Barnett's case and *Martinez*. On its face, *Martinez* permits federal courts to excuse a petitioner's procedural default, if the petitioner's post-conviction counsel provided ineffective assistance concerning a narrow category of claims.  *Lopez*, 678 F.3d at 1137.  Here, this Court found Ground I to be procedurally defaulted, precluding review on the merits, pursuant to the state court's determination of defective pleadings filed by post-conviction counsel.  Also, the ineffectiveness of post conviction counsel in filing the deficient pleadings occurred in the initial review collateral proceeding, as in *Martinez*.  Further, Missouri law mirrors the Arizona law at issue in *Martinez*, in which all claims of ineffective assistance of trial counsel must be brought in post conviction collateral proceedings.  Thus, the identity between Barnett's case and the intervening change of law in *Martinez*, argues in favor of 60(b) relief.  Compare *Lopez*, 678 F.3d at 1137 (finding that Lopez's claim did not provide the sort of identity with *Martinez* favoring 60(b) relief, as review of Lopez's claim on the merits was not precluded by procedural default, but by his failure to develop the factual basis of the claim under 28 U.S.C. § 2254(e)(2)).

In sum, the equitable considerations discussed thus far constitute "close calls," as opposed to decisively strong factors.  The state has a legitimate interest in the finality of the judgment, however, the capital nature of the case combined with a claim never considered on its merits, militate against that interest.  Barnett's diligence in pursuing ineffectiveness of post-conviction counsel as cause to overcome his procedural default is also a close consideration, but arguably, does not strongly favor 60(b) relief.  The degree of connection between Barnett's claim and *Martinez* favors relief.  Whether the type of intervening law in *Martinez* constitutes

32

extraordinary circumstances is a difficult determination.  The Supreme Court recognized

*Martinez* as an equitable exception to *Coleman*, not a new rule of constitutional law, and did not

address the case in the context of a Rule 60(b)(6) motion.  *See Martinez*, 132 S.Ct. at 1318.

Although several cases do address *Martinez* in a 60(b) motion, the Court cannot rely on those

cases that are non-capital in nature, or those that come from jurisdictions unaffected by *Martinez*.

Ultimately, the Court must look to the underlying strength of Barnett's Ground I claim.

As noted earlier, although denying relief, the Court certified Ground I as appealable, meaning

Barnett made a substantial showing of the denial of a constitutional right.  The Court also

observed that there was powerful testimony that was never presented.  Here, the Court has

likewise determined that Barnett's underlying claim of trial counsel ineffectiveness is substantial

under *Martinez*.  So, although the type of supervening change in law in *Martinez* may not alone

warrant the reopening of a habeas judgment, here, the equitable factors offered in conjunction

with the strength of the underlying constitutional error alleged enables Barnett to satisfy the high

standard of Rule 60(b)(6).  *Compare Lopez,* 978 F.3d at 1137 ("In the final analysis, . . . Lopez's

underlying claim does not present a compelling reason to reopen the case, because that claim is

not a substantial one.  In that light, and in considering the six factors discussed above, we decline

to reopen Lopez's habeas case.").  Thus, based on the substantial nature of the underlying

assistance of trial counsel claim as well as the equitable considerations, the Court concludes that

Barnett meets the required a showing of "extraordinary circumstances" under Fed. R. Civ. P.

60(b)(6).

## IV.    CONCLUSION

With one exception, Barnett's Motion to Amend Judgment Pursuant to Rule 59(e) is

denied.  With respect to that one exception, the Court finds that Barnett is entitled to an

33

evidentiary hearing on his claim under Ground I, alleging ineffective assistance of counsel at the penalty phase of his trial due to trial counsel's failure to investigate and present mitigating evidence.  In that hearing, the Court expects respective counsel to make presentations addressing the totality of available mitigating evidence - that adduced at trial and offered by Barnett in support of his Application for Habeas Corpus under 28 U.S.C. § 2254 - in order to reweigh that evidence against the aggravating evidence offered at sentencing.  *See Sears v. Upton*, 130 S. Ct. 3259, 3266-67 (2010).

Accordingly,

**IT IS HEREBY ORDERED** that with the exception of Ground I -  alleging ineffective assistance of counsel at the penalty phase of his trial due to trial counsel's failure to investigate and present mitigating evidence  - Petitioner David Barnett's Motion to Amend Judgment Pursuant to Rule 59(e) [ECF No. 84] is **DENIED**.

Dated this   22nd   day of April, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

34