UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID BARNETT, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:03CV00614 ERW |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Respondent Don Roper's Motion for Disclosure [ECF No. 252].

In 2004, Petitioner David Barnett filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254. The Petition raised 19 grounds of relief, one of which remains pending before the Court. Specifically, in April 2013, the Court granted an evidentiary hearing as to Petitioner's claim he received ineffective assistance of counsel for failure to investigate and present mitigating evidence about his biological family during the penalty phase of trial.

On August 4, 2014, the Court held a status conference, and counsel for Respondent advised a previously undisclosed psychiatric evaluation had come to light in a recent deposition. Petitioner David Barnett opposed disclosure of the evaluation, which was conducted by Bruce Harry, M.D., on the grounds it pertains only to his legal competency to stand trial. The Court ordered an in camera review of the evaluation, and Respondent filed the instant Motion for Disclosure [ECF No. 252]. In his Response [ECF No. 285], Petitioner argues the psychiatric evaluation is protected by the work product privilege. He also contends it is irrelevant to the habeas hearing, because it only addresses his competency to stand trial, and whether he was

insane at the time he committed the underlying offense.

At the outset, after conducting an in camera review, the Court finds the topics in Dr. Harry's extensive evaluation include more than legal competency and insanity. In fact, the second sentence of the report states, "I understand you to have requested that I address issues of mental disease or defect, competence to stand trial, responsibility at the time of the offenses, diminished capacity, and mitigation." In addition, the end of the report expressly lists "mitigating circumstances," based upon Dr. Harry's psychiatric evaluation, which is discussed at length throughout the report. Because the subject of the habeas hearing is whether trial counsel was ineffective for failing to investigate and present mitigating evidence, Dr. Harry's report is highly relevant to (1) whether trial counsel conducted an adequate investigation, and (2) whether Petitioner was prejudiced by any alleged constitutional error.

Additionally, the Court concludes the work product privilege has been waived as to Dr. Harry's report. As the Eighth Circuit[1] has explained,

> There are two kinds of work product – ordinary work product and opinion work product. Ordinary work product includes raw factual information. *See Gundacker v. Unisys Corp.,* 151 F.3d 842, 848 n. 4 (8th Cir.1998). Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. *See id.* at n. 5. Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. *See* Fed. R. Civ. P. 26(b)(3). In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud. *See In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977).

*Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). That said, "[t]he work product privilege as a whole is not absolute and may be waived." *Pamida, Inc. v. E.S. Originals,*

---

[1] Although the parties cite Missouri state case law, the work product privilege is not substantive, and federal therefore law applies. *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002); *McConnell v. Farmers Ins. Co., Inc.*, No. 07-4180-CV-C-NKL, 2008 WL 510392, at *2 (W.D. Mo. Feb. 25, 2008).

*Inc.*, 281 F.3d 726, 732 (8th Cir. 2002). The Court must apply the privilege "in a commonsense manner in light of reason and experience as determined on a case-by-case basis." *Id.* (internal quotations omitted). When determining whether Petitioner impliedly waived the privilege, the Court "must not only look at whether [Petitioner] intended to waive the privilege, but also whether the interests of fairness and consistency mandate a finding of waiver." *Id.*

Here, Petitioner has impliedly waived the work product privilege, because he "clearly placed the work of [his] attorneys squarely at issue[.]" *Id.* That is, the essence of Petitioner's habeas claim is trial counsel's performance at the mitigation phase of trial fell below the constitutional standard. Dr. Harry's report, which expressly addresses "mitigation," is directly relevant to the steps trial counsel took in preparing for the penalty phase of trial. In addition, in light of the extensive interview Dr. Harry conducted of Petitioner, the report is relevant to whether any alleged new mitigating evidence was reasonably available to trial counsel. Finally, due to the vast amount of facts set forth in the report, the evaluation is relevant to whether trial counsel made a strategic decision to avoid certain types of mitigating evidence, and to whether Petitioner was prejudiced by his trial counsel's performance. Therefore, the Court concludes the interests of fairness and consistency mandate a finding of waiver, and Dr. Harry's psychiatric evaluation must be produced.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Don Roper's Motion for Disclosure [ECF No. 252] is **GRANTED.**

**IT IS FURTHER ORDERED** that, upon the receipt of this Memorandum and Order, Petitioner shall produce the psychiatric evaluation conducted by Bruce Harry, M.D., to Respondent.

Dated this  18th  Day of August, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE