## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISON

| | | |
|---|---|---|
| DAVID BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No:  4:03-CV-00614-ERW |
| vs. | ) | |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO ALTER OR AMEND JUDGMENT

In granting habeas relief, the Court's decision has some fundamental errors in its analysis.   Altering or amending the judgment would correct those errors without the need for appellate review.   Federal Rule of Civil Procedure 59(e).   Relief under Rule 59(e) is granted in extraordinary circumstances, *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986), and it serves the limited function of correcting "manifest error."  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).   Because the Court's August 18, 2015 decision and judgment contains manifests errors (Doc.360, 361), the Court should grant respondent relief and amend its judgment to deny the petition for writ of habeas corpus.

### 1.  The Court should enforce the procedural bar.

The Court's legal analysis begins with a finding that Barnett received ineffective assistance of post-conviction motion counsel (Doc.360, pp. 158-68).

The Court states that it does not automatically find a state-court deficient pleading is a product of ineffective assistance of post-conviction counsel (Doc.360, p. 158). Despite the protest, the Court's analysis has that effect.

The Court inquires whether Barnett's deficient pleading could have been written so as to comply with the Missouri procedural rule. The Court said the dispositive factor was "the ease with which PCR counsel could have written the PCR Motion in a way that would have satisfied the state procedural rule" (Doc.360, p. 164). Phrased another way, the Court found cause to overcome the default because it thought it was easy for Barnett to have avoided the default in state court. Nothing in the tradition of the Supreme Court precedents from *Wainwright v. Sykes* to *Martinez v. Ryan* support such a novel proposition. 433 U.S. 72 (1977); 132 S.Ct. 1309 (2012). And the Court declined to cite any precedent for its novel holding.

The harm is not limited to this case. All state offenders who did not receive post-conviction hearings in state court may argue that their counsels breached a duty because they could have rectified the procedural problem with "ease." And it would not be limited to state offenders. All the federal offenders who did not receive a hearing on their section 2255 motion can allege cause because their counsels could have rectified the procedural problem with "ease" by alleging whatever fact the original section 2255 court found was omitted from the original pleading. The Court's analysis is not

limited to post-conviction situations.  By the Court's standard, there would be cause when a defendant fails to object, fails to present in a motion for new trial, or fails to brief on appeal because those things could be done with "ease."  And there are the secondary questions of what is "ease" and how is it objectively measured—questions the Court does not acknowledge or answer.

The Court said it was aware of the danger it could create by announcing a rule that gutted the cause requirement of the cause-and-prejudice test (Doc.360, p. 158), but the Court's application of *Martinez* failed to cabin the acknowledged danger.

The Court finds two omissions by post-conviction counsel that constitute cause for the default before the post-conviction trial court.  The Court blames post-conviction counsel for failing to file a formal response to the State's Motion to Dismiss (Doc.360, p. 164).  This is not cause for the default that gave rise to the procedural bar to review that the Missouri Supreme Court enforced.  The post-conviction motion court did not dismiss Ground I because Barnett failed to reply to the Motion to Dismiss.  The Court finds cause but it is not a real cause for the default.

Post-conviction counsel performed reasonably in the preparation and filing of the post-conviction motion in state court.  The Court described counsel's effort as a "thorough narrative" (Doc.360, p. 159).  As the Court noted, counsel wanted to present the post-conviction motion as a narrative in

which they presented a story about the offender (Doc.360, p. 161), a writing technique that seems to parallel Ground I of the petition (Doc.15, pp. 78-129) and the district court's August 18, 2015 decision (Doc. 360, pp. 12-155). Missouri capital post-conviction counsels used this strategy at that time.  *See Morrow v. State*, 21 S.W.3d 819, 823 (Mo. banc 2000); *State v. Jones*, 979 S.W.2d 171, 186-87 (Mo. banc 1998).   Post-conviction counsel performed within the wide range of reasonableness allowed by *Strickland v. Washington*, 466 U.S. 668 (1984).   Because Barnett did not show cause to overcome the default habeas review of Ground I is a manifest error.

### 2.  The petition violates the statute of limitations.

The petition for writ of habeas corpus is untimely (Doc.360, p. 168). The district court declines to enforce §2244(d) because the State forfeited the defense when it did not raise the defense before judgment (Doc.360, p. 168-69).   Today, the Court's judgment is dated August 18, 2015, and the State raised the defense before judgment (Doc.346, p. 11).

Not only is there no forfeiture factually, there is no forfeiture under the law. After *Barnett v. Roper*, 541 F.3d 804 (8th Cir. 2008) and *Sasser v. Norris*, 553 F.3d 1121 (8th Cir. 2009), the Supreme Court limited the concept of forfeiture to situations where the State deliberately and intelligently withheld the statute of limitations defense.  *Wood v. Milyard*, 132 S.Ct. 1826,

1835 (2012).  There is no forfeiture as defined by the Supreme Court. It was manifest error not to enforce the statute of limitations.

### 3.  The state court reasonably decided Ground I was meritless.

There is a manifest error because the district court did not extend the deference Congress requires to the Rule 29.15 trial court's decision that the ineffectiveness claim was meritless.  The Court states that the Missouri Supreme Court affirmed the denial of relief because of the procedural default. That statement ignores the merits determination by the Rule 29.15 trial court (Doc.346, quoting Respondent's Exhibit F, pp.  4321-23). The statute requires deference to all state court's determination, not just a state appellate court's determination.  28 U.S.C. §2254(d); *see Weaver v. Bowersox*, 241 F.3d 1024, 1030-31 (8th Cir. 2001)(extending deference to state trial court decision).

The only other comment by the district court was that the state trial court ruling was based on a procedural rule (Doc.360, p. 170).  The motion court made clear that it was denying an evidentiary hearing because of the procedural rule and because the ineffectiveness claim was refuted by the record.  Because the ineffectiveness claim was refuted by the record, it was meritless (Respondent's Exhibit F, pp. 4321-23).  The fact that the motion court also discussed procedural reasons to deny the motion does not defeat the fact that the decision was a merits decision.  *See Harris v. Reed*, 489 U.S.

255 (1989).   The motion court decision that Barnett's claim was meritless should receive deference. 28 U.S.C. §2254(d).

Because of the manifest error in August 18, 2015 judgment and decision underlying the judgment, the Court should grant respondent's motion to alter or amend judgment.

### 4.  The Court should amend the remedy.

Finally, respondent respectfully request the Court to amend its judgment to allow for appellate review.   The Court orders the State to resentence Barnett to life without parole or grant a new penalty-phase within 180 days of the August 18, 2015 order (Doc.360, pp. 188-9).   Respondent requests the Court modify its order to read "within 180 days of the date this order becomes final."   This would allow appellate review of the judgment without the need of a stay of the Court's order from this Court or an appellate court.   *See Gabaree v. Steele*, 2013 WL 4095941, at *14 (W.D. Mo. 2013)(timing trigger was finality). The Court should amend its order.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

\s\ *Stephen D. Hawke*
STEPHEN D. HAWKE
Assistant Attorney General
Missouri Bar No.  35242

P. O. Box 899
Jefferson City, MO  65102
(573) 751-3321
(573) 751-3825 FAX
stephen.hawke@ago.mo.gov
Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system.  I further certify that some of the participants in the case may not be CM/ECF users, in those instances, I have mailed the foregoing document postage prepaid, this 15 day of September, 2015, to:

\s\ *Stephen D. Hawke*
Stephen D. Hawke
Assistant Attorney General

7