## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DAVID M. BARNETT,                )
                                 )
                    Petitioner,  )    Case No. 4:03-CV-00614-ERW
                                 )
vs.                              )    CAPITAL CASE
                                 )
                                 )
DON ROPER,                       )
                                 )
                    Respondent.  )
                                 )

## RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT

As the State quite rightly notes, Rule 59(e) relief requires extraordinary circumstances and manifest error.  There is nothing in the court's order that fits these requirements.

**I.    THERE IS NO ERROR IN THE COURT'S FINDINGS REGARDING POST-CONVICTION COUNSEL'S PERFORMANCE**

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012) announced it was modifying the old rule of *Coleman v. Thompson*, 501 U.S. 722 (1991) "that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default." *Id.* at 1315.  Counsels' mistake in this case could have been easily prevented if they had reviewed the 29.15 rules and the case law interpreting those rules.  However, this does not change the fact that their

ignorance of the pleading requirements had dire consequences for Barnett. There is nothing in *Martinez* that exempts easily avoided errors from becoming cause for procedural default. Rather, the fact that counsels' error could have been easily prevented is actually strong support for finding deficient performance. Because the error was so clear, the real question at the hearing was the substantiality of the underlying claim, not post-conviction counsels' performance.

This Court found that the heart of post-conviction counsel's deficient performance was the pleading deficiencies in the amended petition. In noting that counsel failed to file a response to the motion to dismiss, the Court was merely pointing out that after having the error brought to their attention, counsel took no ameliorative action whatsoever. These are not the actions of zealous capital post-conviction counsel. *See, e.g.*, American Bar Association, *Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases*, Guideline 11.2 (1989) (noting that the minimum standard for general criminal cases is not sufficient in death penalty cases and counsel must be "zealously committed" to the case).

The State cites *State v. Jones*, 979 S.W.2d 171 (1998) and *State v. Morrow*, 21 S.W.3d 819 (2000) as somehow supportive of their position. Barnett is at a loss to see how these cases help justify post-conviction counsels' actions. Both of these cases were decided prior to a final decision in the state post-conviction court and

2

both cases were dismissed because counsel failed to follow the pleading requirements regarding connecting testimony to witnesses. *See Jones*, 979 S.W.2d at 186-87; *Morrow*, 21 S.W.3d at 823-24. The fact that other lawyers made the same mistake as Barnett's lawyers does not mean counsel performed reasonably. If it were reasonably effective assistance to file pleadings like those in *Barnett*, *Jones* and *Morrow*, this Court and the Eighth Circuit would have found that the procedural bar enforced in Mr. Barnett's case was not clearly announced and regularly applied.

The State claims, without citation or support, that this court's ruling will open the floodgates to non-capital defendants who did not receive hearings. This is hardly the case. Even if the same error was committed in other cases, those petitioners would still have to show their underlying claim is substantial.[1] A wealth of case law after *Martinez* shows that the vast majority of defendants cannot make this showing and their claims are defeated on those grounds. *See, e.g., Dansby v. Hobbs*, 766 F.3d 809, 834-39 (8th Cir. 2014) (finding that *Martinez* cause was not established because underlying claims regarding trial counsel were not substantial); *Ward v. Hobbs*, 738 F.3d 915, 917 (8th Cir. 2013) (same). The State also fails to acknowledge that the vast majority of cases that are dismissed without an evidentiary hearing result not from pleading errors but from a failure of

---

[1]And, if requesting relief pursuant to Rule 60(b), that extraordinary circumstances require revisiting the issue.

the factual foundation.  "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held."  Mo. S. Ct. Rule 29.15(g).

## II. THE STATE CANNOT SHOW THAT IT DID NOT INTELLIGENTLY AND DELIBERATELY WAIVE ITS STATUTE OF LIMITATION DEFENSE

The State mischaracterizes the holding of *Wood v. Milyard*, 132 S. Ct. 1826 (2012). At issue in *Wood* was whether a court of appeals could, *sua sponte*, consider a failure to timely file a habeas petition.  The Supreme Court adopted for courts of appeals the same standard it had previously adopted for federal district courts in determining whether to consider the defense *sua sponte*:

> Only where the State does not "strategically withh[o]ld the [limitations] defense or cho[o]se to relinquish it," and where the petitioner is accorded a fair opportunity to present his position, may a district court consider the defense on its own initiative and "determine whether the interests of justice would be better served" by addressing the merits or by dismissing the petition as time barred.'"

132 S. Ct. 1826, 1830 (2012) (citing *Day v. McDonough*, 547 U.S. 198, 210-21 (2006) (further citations omitted).

In *Wood*, the Supreme Court made it clear that the discretion to address the statute of limitation defense—when that defense has not been timely presented by the state—is extremely limited.  The Supreme Court held the Tenth Circuit abused its discretion "by resurrecting the limitations issue instead of reviewing . . . the merits."  *Id.* at 1830.  The law still remains that "[a] court is not at liberty . . . to

4

bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Id.* at 1830.   A court *may* (not *shall*) override a state's non-deliberate waiver of such of a defense only where it believes "the interests of justice would be better served" by dismissing the case based on the timeliness issue.   *Wood*, 132 S. Ct at 1830.   Clearly here, where the State has repeatedly failed to raise this issue in multiple pleadings, and where this Court has already made a finding that Mr. Barnett is under a sentence of death in violation of his constitutional rights, the interests of justice would not be served by dismissing the petition now.

In addition, the State failed to bring *Wood* to the attention of this court until the Rule 59(e) motion.   As the Eighth Circuit made clear in *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993), "[a] Rule 59(e) motion 'cannot be used to raise arguments which could, and should, have been made' before the trial court entered final judgment." *Woods v. City of Michigan City*, 940 F.2d 275, 280 (7th Cir.1991) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).   This rule's application is particularly important here, where the State had every opportunity to put forward witnesses at the three week hearing in an attempt to establish that their waiver of the statute of limitations defense was not deliberate and intelligent.   It did not.

Even setting aside the fact that the State has made no argument for the retroactive application of *Wood*, there are a number of reasons that *Wood* does not dictate the relief the State requests, even if it did arguably apply. First, the record reveals that the State intelligently and deliberately waived their statute of limitation defense. Before Barnett filed his petition, which the court originally ordered to be filed long before the statute of limitations would have run, Barnett's counsel filed a motion for extension of time that asked for the full time allowed him under the statute – one year. Dist. Ct. Dkt. 8 at 1. Barnett's counsel then laid out in great detail how he had calculated the statute of limitations. *Id.* at 5-6. Instead of objecting to this motion, and pointing out that the proposed filing deadline would render the petition untimely, the State did nothing. Then, when it was time to file their Answer to the Petition, they did not raise the statute of limitation defense. Because they were on direct notice of the limitation period issue, as laid out in the motion for extension of time, they knowingly and deliberately waived their statute of limitation defense. Nothing in their appellate brief in the Eighth Circuit on this issue claims otherwise. *See Barnett v. Roper*, No. 07-1234, Brief of the State, filed Jan. 14, 2008, at pp. 31-33.

In addition, *Wood* cautions that, before a court can find the petition time-barred, the petitioner must be given "fair opportunity to present his position." *Id.* at 1834 (quotation and citation omitted). Considering the statute of limitation issue

6

at this late juncture does not allow Barnett to fairly pursue the equitable tolling issue. In *Day v. McDonough*, 547 U.S. 198 (2011), the Supreme Court cautioned that before considering the statute of limitation issue *sua sponte*, it must be considered whether the petitioner would be "significantly prejudiced by the delayed focus on the limitation issue." *Id.* at 211. A hearing on equitable tolling at this late stage of the proceeding would require Barnett to put on evidence in 2015 about exactly what happened in 2004. The passage of time will make this difficult, if not impossible, for Barnett to reconstruct.

The amount of time and resources consumed in presenting and deciding this case on the merits is also a relevant consideration that weighs in favor of Barnett. The State was certainly aware of its potential limitation defense when Mr. Barnett filed his motion under Rule 60(b). However, they did not raise it until their post-hearing brief, after this Court had expended considerable time in hearing the merits. *See Wood*, 132 S. Ct. at 1834 (when determining whether to address the statute of limitation on appeal, *sua sponte*, the appellate court should give "due regard for the trial court's processes and time investment" in deciding the merits of the claim because dismissing the case on limitations grounds "discount[s]" the "district court's labor.").

Moreover, the Eighth Circuit has already determined that the State forfeited their defense by not objecting to the motion for an extension or in any responsive

7

pleading. *Barnett v. Roper*, 541 F.3d 804, 807-08 (8th Cir. 2008). This is the law of the case. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also, Alexander v. Jensen*, 711 F.3d 905 (8th Cir. 2013) (same). While the State contends that somehow it can "unwaive" or "un-forfeit" its objection because this Court has granted a Rule 60(b) motion to reconsider a portion of its prior decision, it offers no authority in support of its position. The law of the case doctrine precludes the re-examination, on remand, of issues previously decided by the court.

III.   **BECAUSE THE MISSOURI SUPREME COURT CLEARLY RELIED ON A STATE PROCEDURAL BAR AS THE BASIS FOR ITS RULING, THE CLAIM WAS PROCEDURALLY DEFAULTED**

A procedural default occurs when "the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989). The Missouri Supreme Court clearly invoked technical pleading deficiencies as grounds for denial of this claim. *Barnett v. State*, 103 S.W.3d 765, 770 (Mo. 2003). Nowhere in the decision does that court rest its reasoning on a federal law based merit determination. *Id.*, *see Harris*, 489 U.S. at 261 (citation omitted) (a habeas court may reach the federal question if "it fairly appears that the state court rested its decision primarily on federal law" and not on a plain statement that the decision rested upon "adequate and independent state

8

grounds.").  Even if the Missouri Supreme Court had reached an alternative merits holding, the procedural holding would still bar a consideration on the merits in federal court:

> Moreover, a state court need not fear reaching the merits of a federal claim in an *alternative* holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.  Thus, by applying this doctrine to habeas cases, *Sykes* curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris*, 489 U.S. at 264 n.10 (citations omitted) (emphasis in original).  Although the lower post-conviction court's ruling was not the "last state court" for purposes of determining whether the claim was procedurally defaulted, any possible merits based reasoning that was included does not undo the procedural default.  *See, e.g., Taylor v. Norris*, 401 F.3d 883, 885 (8th Cir. 2005) (although the alternative ruling of the state court "appears to address the federal issue of ineffective assistance of counsel," the procedural bar was clearly the basis for the decision and a "state court may make reference to a federal claim without opening the door to habeas review.") (citing *Coleman v. Thompson*, 501 U.S. 722, 733 (1991)).  In any case, and as established in Mr. Barnett's post-hearing briefing, there was no such merits-

9

based reasoning in the state post-conviction court's decision as to the claim that was before this Court.

**IV.   THERE IS NOTHING IN THIS COURT'S ORDER THAT PREVENTS APPELLATE REVIEW**

The State's appellate rights are protected by the court's order.  Should good cause arise for the State to request more time to seek resentencing, they can do so in the district court.  *See, e.g., Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987) (noting that the district court, after originally granted 180 days for resentencing, granted the State an extension when appellate circumstances warranted it).

**V.   CONCLUSION**

The State's motion for 59(e) relief should be denied.

Respectfully submitted this 29th day of September, 2015.

s/ Paula K. Harms
Paula K. Harms, 022489AZ
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona  85007
Phone 602-382-2816
Facsimile 602-889-3960
Paula_Harms@fd.org

Elizabeth Unger Carlyle, 41930 MO
6320 Brookside Plaza #516
Kansas City, MO 64113
Phone 816-525-6540
Facsimile 866-764-1249
elizabeth@carlyle-law.com

10

SINDEL, SINDEL AND NOBLE, P.C.
Richard H. Sindel, 23406MO
Kathryn B. Parish, 61781MO
8000 Maryland Ave., Ste. 350
Clayton, MO 63105
Phone 314-721-6040

Attorneys for Petitioner

11

**Certificate of Service**

I hereby certify that on September 29, 2015, I electronically filed the foregoing by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Robin Stoltze
Legal Assistant
Capital Habeas Unit