**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID M. BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:03CV00614 ERW |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Respondent Don Roper's Motion to Alter or

Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [ECF No. 363].

**I.      BACKGROUND**

On February 4, 1996, Petitioner David Barnett murdered his grandparents Clifford and

Leona Barnett after breaking into their home in Glendale, Missouri, and afterwards stole their

automobile and cash. Mr. Barnett was convicted of two counts of first degree murder, two counts

of first degree robbery, and two counts of armed criminal action, in the Circuit Court of St. Louis

County, on March 17, 1997. All of the facts regarding ineffective assistance of counsel of trial

counsel are contained in a 189 page opinion. [ECF No. 361]. A brief restatement of some of the

facts misrepresented to the jury in the death penalty phase of the trial, and significant evidence

never disclosed in the penalty phase of the trial, are related here to demonstrate the egregious

failure of trial counsel in investigating and presenting mitigating evidence in the penalty phase.

During the penalty phase of the trial, in her opening statement, Mr. Barnett's counsel told

the jury Mr. Barnett "was born to a woman named Shirley Puller and a man named Robert

Biggerstaff." (Trial Tr. Vol. VIII p. 992). She told the jury "Within a week or two after David's

birth, his mother left and never came back." *Id.* Counsel did not know her client's mother's last name, misrepresented the true identity of Mr. Barnett's biological father to the jury, and misrepresented his mother's actions in the days after his birth. Mr. Barnett's mother actually turned him over to a woman with mental illness. The first witness called to testify in the penalty phase, Mary Lacey (Trial Tr. Vol. VIII p. 1048), bolstered untrue testimony, by identifying herself as the sister of Mr. Barnett's "real father," Robert Biggerstaff. Not until after Mr. Barnett had been sentenced to death had anyone on his trial team learned Mr. Barnett's biological father was, in fact, Joseph Michael Castaldi. It is apparent Mr. Barnett's counsel was unaware of the true identity of his biological father and the true name of Mr. Barnett's biological mother, further confirming she ignored the request of Mr. Barnett to contact his biological mother.[1] His lead trial lawyer did not know his biological mother, and in the death penalty phase identified her as "Shirley Puller," not by her real name, "Shirley Pullen." (Trial Tr. Vol. VIII p. 992). In the prior order [ECF No. 361], the Court listed, in detail, all of the ways his trial counsel failed to investigate and present substantial evidence of Mr. Barnett's dysfunctional life. The facts listed here are only a small measure of evidence the death penalty jurors did not consider.

    Following the penalty phase, on May 2, 1997, Mr. Barnett was sentenced to death on each of the two murder counts, and sentenced to four consecutive life sentences for each first degree robbery count and armed criminal action count. In 1998, the Supreme Court of Missouri affirmed these convictions in *Missouri v. Barnett*, 980 S.W.2d 297 (Mo. 1998) (*Barnett I*).

    In February 1999, Mr. Barnett filed a pro se "Motion to Vacate, Set Aside or Correct the Judgement or Sentence," pursuant to Missouri Supreme Court Rule 29.15. Subsequently, two

---

[1] In her post-trial affidavit prepared by federal public defenders, Mr. Barnett's lead trial lawyer swore, "I did not contact or interview David's mother, Shirley Acree, prior to trial, …" [ECF No. 28 at 17]

public defenders were appointed to serve as Mr. Barnett's post-conviction counsel, who jointly filed an amended motion on his behalf. The State of Missouri post-conviction motion court (SMC), denied relief for ineffective assistance of trial counsel claiming the court could not apply the standard for ineffective assistance of trial counsel, finding the pleadings of State post-conviction counsel failed to follow the requirements of *State v. Jones*, 979 S.W.2d 171 (1998). [ECF No. 19, Exh. F at 4321].

Mr. Barnett's post-conviction counsel made multiple claims under Rule 29.15, including claim 8(A), the same claim he later made in Ground I of his federal habeas proceedings. His post-conviction counsel, in claim 8(A), alleged his trial counsel gave ineffective assistance of counsel in failing to investigate Mr. Barnett's background and present compelling mitigation evidence before the jury in the death penalty phase. The SMC ruled, "The claim does not allege sufficient facts for this Court to grant an evidentiary hearing." [ECF No. 19, Exh. F. at 4321]. The SMC was clear, "A narrative of Movant's life history is set out over twenty-two pages of an amended motion and another twenty-two pages are dedicated listing the hundreds of witnesses and organizations that would supply the proof if an evidentiary hearing is held." *Id.*

State post-conviction counsel should be commended for properly investigating the genetic and historical background of Mr. Barnett, which trial counsel failed to do. Post-conviction counsel had collected all of the material to get a hearing before the SMC. However, the SMC ruled, in failing to grant an evidentiary hearing, "To obtain a hearing based on counsel's failure to investigate and present witnesses, Movant must 1) specifically identify who the witnesses were, 2) what their testimony would have been, 3) whether or not counsel was informed of their existence and 4) whether or not they were available to testify. *State v. Jones*, 979 S.W. 2d 171, 186-87 (Mo. 1998)." [ECF No. 19, Exh. F. at 4321]. These failures, together

with the ease with which initial post-conviction amended petition could have been corrected, are the bases for this Court's finding of ineffective assistance of post-conviction counsel, the means to lift the procedural bar of the SMC.

The SMC was not in a position to decide, before the advent of *Martinez*, nor was it asked to decide, if state post-conviction counsel gave ineffective assistance of counsel to Mr. Barnett. Ineffectiveness of state post-conviction counsel is for this Court to decide. The SMC was deciding whether Mr. Barnett was entitled to an evidentiary hearing to present all of the evidence post-conviction counsel had amassed. In deciding there would be no evidentiary hearing, the SMC explained state post-conviction counsel failed to properly present the issues before it so it could decide if a hearing should be granted to determine if Mr. Barnett received ineffective assistance of trial counsel "in failing to present a complete and accurate account of Movant's life history." *Id.* It is this ruled procedural default which must be lifted if Mr. Barnett is entitled to present a claim of ineffective assistance of trial counsel on the merits. These pleadings, at the initial stage of post-conviction review, the SMC found, failed to "specifically identify" the purported missing witnesses, what their testimony would have been if if given the opportunity to appear, whether trial counsel was aware of their existence at the time of trial, and anything concerning their availability to testify. *Id.*

On appeal of the SMC's denial of the 29.15 motion, the Missouri Supreme Court determined the SMC did not clearly err in its findings and conclusions of law on this issue, after the SMC's found Mr. Barnett's 29.15 pleadings were deficient. *Barnett v. State*, 103 S.W.3d 765, 770 (Mo. 2003) (*Barnett II*).[2]

---

[2] The Missouri Supreme Court recognized "[t]here is no constitutional right to counsel in a post-conviction proceeding. (citing *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992). Thus, a post-conviction movant has no right to effective assistance of counsel." *Barnett II*, 103 S.W.3d

In May 2004, Mr. Barnett filed a petition for writ of *habeas corpus* relief under 28 U.S.C.

§2254 with this Court, raising 19 grounds for relief including Ground I, formerly 8(A), where he

argued he was denied effective assistance of trial counsel at the penalty phase of his trial. [ECF

No. 15]. He did not contest the finding of his guilt for any of the convictions.  In August 2006,

this Court denied relief on all grounds of the petition including Ground I, applying the procedural

bar.[3] *Barnett v. Roper*, No. 4:03CV00614 ERW, 2006 WL 2475036, at *27 (E.D. Mo. 2006).

The Court granted a certificate of appealablity on Ground I, and in 2008, the Eighth Circuit

Court of Appeals affirmed this Court's ruling. *Barnett v. Roper*, 541 F.3d 804 (8th Cir. 2008).

Barnett, in Ground I claiming ineffective assistance of trial counsel, states trial counsel

failed to investigate and present information concerning his biological family. [ECF No. 15 at

78-79]. He argued an extensive investigation by his trial team would have shown Barnett's birth

family's extensive history of substance abuse, his mother's prenatal alcohol abuse and lack of

other prenatal care, a family history of mental illness, and the effects these genetic and

environmental factors had on his development. [ECF No. 15 at 99]. He explains his trial counsel

did not contact his mother, and if contacted, she could have presented testimony regarding these

facts. *Id.* The claim explains testimony would have been presented showing Shirley Pullen Acree

---

at 773 (citing *State v. Parker*, 886 S.W.2d 908, 932 (Mo. banc 2004)).  The Missouri Supreme
Court concluded its opinion by stating "Barnett has also failed to assert a claim that post-
conviction counsel's conduct entitles him to relief." *Id.* at 774.

[3] A procedural bar occurs when a habeas petitioner fails to meet State procedural requirements
for presenting federal claims. This deprives federal courts an opportunity to address those claims.
"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting
his federal claims has deprived the state courts of an opportunity to address those claims in the
first instance." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591, 146 L. Ed. 2d
518 (2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640
(1991)). Therefore, a prisoner must demonstrate cause for a state-court default before any federal
claim, can go forward. *Id.* There must be a resulting prejudice before a federal habeas court will
hear the merits of such a claim. *Id.* This doctrine is based on concerns of comity and federalism.
*Coleman*, 501 U.S. at 722.

abused alcohol and diet pills while pregnant with David Barnett, and that his biological father, Joseph Michael Castaldi, was an abusive man and a heavy drinker. *Id.* Ms. Mary Melton, a friend of Shirley Pullen Acree's, would have testified Shirley Pullen Acree had no prenatal care while pregnant. *Id.* Mr. Barnett declares his mother or her family members would have also testified to widespread alcoholism and substance abuse throughout her entire family. *Id.* The Jury would have heard testimony about how Shirley Pullen Acree had abandoned him with a woman, suffering from severe mental illness, known as "Crazy Jane." *Id.* All of this information would also have been supplied to expert witnesses, who would have used this information to bolster their expert testimony.  *Id.*

Mr. Barnett's post-conviction counsel had one opportunity to get a hearing before the SMC to present the powerful, significant, newly discovered evidence in order to get a new sentencing hearing to convince one of the twelve jurors life imprisonment without possibility of parole, and not the sentence of death, would be justified in consideration of all of the evidence, including the newly discovered evidence of identified and willing witnesses. Instead of steadfastly concentrating on persuading the SMC of the justifiable reasons for a hearing to present the newly discovered evidence, initial review post-conviction counsel did not formally respond to the Attorney General's motion to dismiss without an evidentiary hearing. At that point initial review post-conviction counsel could still have amended the state habeas corpus petition to comply with the requirements of the law.

The law was clear at that time, his post-conviction counsel had the responsibility to supply the SMC with identity and addresses of potential witnesses, which information they had, and represent the witnesses were available and willing to testify. Instead of filing a written response to the Attorney General's opposition motion outlining the nature of the evidence to be

presented at a hearing before the SMC, together with identification of available witnesses with addresses, Mr. Barnett's post-conviction counsel wrote a letter to the judge stating they would respond at a pre-hearing conference. [ECF No. 19, Exh F. at 240-1]. They responded at the pre-hearing conference, and twenty three months later presented oral arguments at another pre-hearing conference, but never filed a formal, responsive motion to the Attorney General's opposition motion until the SMC denied Mr. Barnett's request for an evidentiary hearing. [ECF No. 19, Exh F. at 1-2].

In 2012, Mr. Barnett filed a "Supplemental Application for *Habeas Corpus*" under 28 U.S.C. §2254 [ECF No. 77], and a "Motion for relief from Judgment" under Federal Rule of Civil Procedure ("FRCP") 60(b)(6) [ECF No. 78]. Mr. Barnett pled the advent of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)*,* allowed him an opportunity to have his case heard on the merits, because before *Martinez*, with no opportunity to show ineffective assistance of initial review post-conviction counsel, he had been unable to prove the merits of his case, and was not allowed a hearing, notwithstanding the claims of his amended motion were extraordinary. He alleged, because of ineffective assistance of initial post-conviction counsel, his substantial claims had never been presented at a hearing on the merits; *Martinez*, he argued made an exception, and he was entitled to a hearing under Fed. Civ. Pro. 60(b)(6).[4] [ECF No. 77]. This Court denied

---

[4] The Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), ruled ineffective assistance of initial review post-conviction counsel may constitute cause to excuse procedural default where a petitioner has never before had a hearing on the merits of claim of ineffective assistance of trial counsel. This provided an exception to the existing rule before *Martinez,* where a procedural default of a constitutional claim in state court barred federal habeas review of the claim unless petitioner could show cause to excuse the default and prejudice from the default. *Coleman v. Thompson*, 501 U.S. 722, 752-3 (1991). The *Coleman* Court had determined an attorney error in a state collateral proceeding did not constitute cause to excuse procedural default because there is no constitutional right to counsel in collateral hearings. *Id.* This forced a state court to dismiss Coleman's ineffective assistance of counsel claims, after counsel had filed the claim a single day late, and Mr. Coleman was ultimately executed within the following year after the decision.

relief on his motion, finding it to be a second or successive petition under 28 U.S.C. § 2244, and Petitioner did not first obtain authorization from United States Court of Appeals for the Eighth Circuit before filing a successive petition. Additionally, the Court ruled *Martinez* was not a new rule of constitutional law that is retroactively available on constitutional review. [ECF No. 80].

Thereafter, on August 7, 2012, he filed a motion pursuant to FRCP 59(e), asking this Court to amend the previous judgment denying relief under Rule 60(b) and to grant a hearing on his claim on the merits raised in the Rule 60(b)(6) motion. [ECF No. 88]. This Court granted an evidentiary hearing on his claim under Ground I, concluding Mr. Barnett's claim was substantial, based on the powerful testimony never before presented, regarding Mr. Barnett's family biological background. [ECF No. 99]. This Court also found he had made the required showing of "extraordinary circumstances," warranting relief under Rule 60(b)(6). *Id.* The evidentiary hearing was conducted in August and September 2014, when the Court heard nine days of testimony, regarding evidence of Mr. Barnett's dysfunctional background from thirty witnesses. [ECF No. 361 at 11 -155].

This Court determined Mr. Barnett received ineffective assistance of initial review state post-conviction counsel for their failure to properly present Mr. Barnett's post-conviction claim to the SMC, and he received ineffective assistance of trial counsel in the death penalty phase of the trial. [ECF No. 361]. Before the Court could conclude whether Mr. Barnett received

---

*Martinez v. Ryan: A Shift Toward Broadening Access To Federal Habeas Corpus*, 90 Denv. U. L. Rev. 269 (2012).

Prior to *Martinez*, the federal court had no opportunity to review Mr. Barnett's claims because of procedural default. The Supreme Court, in *Martinez*, appears to ensure that prisoners get at least one opportunity to fully and fairly litigate their ineffective assistance of trial counsel claims on the merits. The Court held "a procedural default will not bar a federal habeas court from hearing a substantive claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective. *Martinez*, 132 S.Ct. at 1320.

ineffective assistance of trial counsel, the Court found Mr. Barnett's 29.15 initial review post-conviction counsel's performance to be deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), for constitutional violations which were prejudicial to Mr. Barnett. [ECF No. 361]. The finding of the state court post-conviction counsel's ineffective assistance established cause to lift Mr. Barnett's original default with the SMC, allowing the Court to conduct a merits review on the ineffective assistance of trial counsel. The Court determined state post-conviction counsel was ineffective for failure to file a formal response to the Attorney General's Motion to Dismiss, where they could have easily presented the vast information their very thorough investigation had produced and could have satisfied the state procedural rule by 1) connecting a specific portion of the narrative to a particular witness; 2) alleging counsel was informed of witnesses existence; and 3) stating whether any of the witnesses were available to testify.

This Court determined trial counsel also provided constitutionally defective assistance by failing to investigate and present mitigating evidence during the death sentence sentencing phase of the trial regarding Mr. Barnett's biological background, his family history and the enormous abuse he suffered. *Id.* This Court concluded the ineffective assistance of trial counsel violated Barnett's Sixth Amendment right to counsel, as incorporated by the 14th amendment. *Id.* Further, the Court explicitly vacated its 2012 order denying Rule 60(b) relief and granted Mr. Barnett Rule 60(b) relief. *Id.*

On August 18, 2015, this Court entered a judgment granting Petitioner's "Application for Habeas Corpus" [ECF No. 15], and ordered the State of Missouri to sentence Barnett to life imprisonment without eligibility for probation or parole, or grant Barnett a new penalty-phase trial. [ECF No. 362]. In the instant motion before the Court, the State seeks to alter or amend the

Court's August 18th judgment on the basis of fundamental errors in the Court's analysis under FRCP Rule 59(e).

## II. Standard

Under Federal Rule of Civil Procedure 59(e), a district court has broad discretion to "alter or amend a judgment . . . no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e); *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Motions under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted). Rule 59(e) motions are not an opportunity to present new legal theories or to raise arguments which could have been presented prior to the entry of judgment. *Id.* at 934.

## III. DISCUSSION

In the instant motion, the State argues the judgment should be amended on several grounds. The State begins its argument with the premise the Court should enforce the procedural bar of the SMC because failure to do so is manifest error, because there was no cause to overcome the default as state initial review post-conviction counsel were not ineffective under *Strickland v. Washington*. Second, the State argues Mr. Barnett's petition violates the statute of limitations, as the State did not forfeit this defense and failure to enforce the statute of limitations is a manifest error. Third, the State contends the District Court manifestly erred by not properly deferring to the state courts' decisions. Finally, the State requests the judgment be amended to allow for an appellate review without the need of a stay of this Court's order.

**A. This Court did not manifestly err in failing to enforce the procedural bar, as post-conviction relief counsel's ineffective assistance of counsel was cause to overcome the default.**

The State makes multiple arguments to persuade the Court it should find manifest error in its original judgment and enforce the procedural bar. The State proffers arguments: (1) the original judgment of August 18, 2015, implies any state court deficient pleading is a product of ineffective assistance of post-conviction counsel; (2) the Court's determination the deficient pleading was ineffective assistance of post-conviction counsel because "it was easy for Barnett to have avoided the default in state court" [ECF No. 363 at 2] is a novel proposition without precedent; (3) the ruling opens the floodgates of litigation for any state and federal defendants who did not submit proper pleadings; (4) the Court's finding of default for failing to file a formal response is not the reason for the procedural bar the Missouri Supreme Court enforced; and (5) post-conviction counsel performed within the wide range of reasonableness allowed under *Strickland*.

A claim of ineffective assistance of counsel requires the petitioner to satisfy a two-prong test. *Strickland*, 466 U.S. at 687-88. To prove ineffective assistance of counsel, a petitioner must demonstrate: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995), *see also Strickland,* 466 U.S. at 687. There is a strong presumption counsel's conduct is within the constitutional range of reasonableness. *Strickland*, 466 U.S. at 689. "[I]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir.2005).

Deficient performance can be demonstrated where "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's representation is measured "under prevailing professional norms." *Rompilla v. Beard*,

545 U.S. 374, 380 (2005). "That standard is necessarily a general one. 'No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.'" *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009). All the facts in a particular case are taken into account in determining whether counsel acted reasonably. *Marcum v. Luebbers*, 509 F.3d 489, 502 (8th Cir. 2007).

"The Strickland test requires first a determination whether the attorney's performance was deficient when compared with the assistance which would have been given by any reasonably competent attorney faced with the same circumstances." *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987); *also see* American Bar Association, Guidelines for the Appointment and Performance of Counsel in Death Penalty cases, Guideline 11.2 (1989) (noting the minimum standard for general criminal cases is not sufficient in death penalty cases and counsel must be "zealously committed" to the case).

Counsel's work is assessed in its entirety and "it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). Courts have found failure to file certain motions may be ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365 (1986) (finding a failure to file a motion to suppress led to a determination of ineffective assistance of counsel). Counsel's deficient performance is prejudicial when "there is a reasonable probability, that is, one 'sufficient to undermine confidence in the outcome,' that the result would have been different but for the deficiency." *Close v. United States*, 679 F.3d 714, 716 (8th Cir. 2012).

   i. *This Court's ruling does not imply a state court deficient pleading is per se a showing of ineffective assistance of counsel, and therefore, this Court's judgment is not in plain error.*

The State argues the procedural bar should be enforced because this Court's analyses has the effect of automatically finding a state court deficient pleading to be a product of ineffective assistance of counsel. Nowhere in the Court's opinion does it state a showing of ineffective assistance of counsel is gained by simply showing deficient pleadings. Post-conviction counsel were put on notice of the deficiency of their amended petition by the State's Motion to Dismiss. Mr. Barnett's state post-conviction counsel did not formally respond to the State's motion, nor follow the clear precedent of *Jones* by connecting a specific portion of the evidence to a particular witness, nor allege counsel was informed of the witnesses' existence, and did not state any of the witnesses were available to testify.

In its opinion, this Court took time to expound on the conduct of post-conviction counsel to show ineffective assistance of counsel was not just the result of merely a deficient pleading. [ECF No. 361 at 164-167] The Court explained its reasoning to show counsel's performance fell below an objective standard of reasonableness, as required under *Strickland*. The Court explained how the SMC issued an order granting post-conviction counsel the opportunity to file a response to the State's motion to dismiss. Post-conviction counsel responded by sending a letter stating their intent to respond at a pre-hearing conference, and provided a list of cases under title headings, which somehow supported their position, but did not explain how these cases supported their argument. The Court notes, prior to deciding to deny habeas corpus relief, the motion court granted state post-conviction counsel a pre-hearing conference on the claim, and twenty three months later a second pre-hearing conference on the issue, and post-conviction counsel chose not to file a formal response to the State's motion. [ECF No. 361 at 159-160]. Finally, this Court explained how failure to formally respond on such an important motion is not the type of actions reasonable counsel would take. [ECF No. 361 at 164-5]. The conduct and the

consequences of counsels' failures lead to the finding of the ineffective assistance of counsel claim, as opposed to just the negative results. The Memorandum and Order [ECF No. 361] outlines the Court's determination of ineffective assistance of post-conviction counsel and is not based solely on counsel filing a deficient pleading.

ii. *In determining post-conviction counsel's performance was deficient, the Court has not created a new rule allowing for cause to overcome default, and continues to apply the standards set in Strickland.*

The State argues this Court creates a new rule, without precedent – a procedural default can be overcome if it was easy to avoid the default in state court. The Court found cause to overcome the procedural default due to a finding of ineffective assistance of post-conviction counsel and not just through the finding of how the pleadings could be easily corrected. The Court determined post-conviction counsel was ineffective because of the lack of a formal response to the State's motion to dismiss, which warned post-conviction counsel their pleadings were deficient.[5] The SMC gave counsel an opportunity to formally respond to the motion to dismiss, and post-conviction counsel failed to do so despite having twenty three months between the SMC's order and the SMC's final decision. The deficient pleadings were themselves flawed for failing to allege enough facts to satisfy the legal requirements in *State v. Jones*, 979 S.W.2d 171, 187 (Mo. 1998), and the ease by which these pleadings could have been corrected. [ECF No. 361 at 164-166].

The State argues this Court has created a new rule which allows for a finding of ineffectiveness of counsel simply because of ease in correcting a pleading. Correcting the flaws of the amended motion would have required little effort. His counsel was able to simply correct

---

[5] The Attorney General stated "[m]ovant lists numerous witnesses who would testify at an evidentiary hearing about the evidence that could have been presented, but never identifies what each person's testimony would be or whether that person would have been available at trial had counsel chosen to call them."

the deficiency, but failed to do so. This Court did not create a new rule, but examines post-conviction counsel's conduct in order to determine if counsel's conduct met the deficient performance prong of *Strickland.* This is one factor the Court considered in order to determine if Counsel's performance was reasonable.

A claim of ineffective assistance of post-conviction counsel requires the petitioner to satisfy the two-prong test under *Strickland*.[6] The Court has stated the reasons for the finding of ineffective assistance of initial post-conviction counsel. Additionally, the Court emphasizes the ease in which counsel could have corrected the deficient pleadings, [ECF No. 361 at 165], in order to address the deficient performance prong of the *Strickland* test. The Court took into account all of the facts in the case in determining whether counsel acted reasonably. *Marcrum,* 509 F.3d at 502. Necessarily, that involves a weighing of the benefit of any proposed corrective action versus the amount of time, effort or cost it would take to accomplish this task. *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996) (explaining counsel does not need to raise every single conceivable argument to defeat a claim of ineffective assistance of counsel); *See also White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005) (establishing only a superficial investigation into defense of mistaken identity was ineffective assistance of trial counsel where second defense witness had strong testimony of mistaken identity). State post-conviction counsel, through an impressive effort, discovered critically important evidence by many available witnesses, but they needed an opportunity for a hearing to present the evidence to the SMC. The Attorney General warned initial review post-conviction counsel their pleading had not presented what was

---

[6]Under the test the petitioner must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668 (1984).

necessary, to the motion court, to get the hearing. State post-conviction counsel ignored that warning by failing to file a response to the State's Motion to Dismiss and by failing to present to the SMC the evidence they had gathered in a fashion clearly required by state law. These cases show, while past precedent has not specifically couched the language of these analyses in the simpler terms of easy or difficult, courts have done similar analyses. The Court continues this reasoning and applies it not to investigations or objections, but to pleading deficiencies. This reasoning, along with the other factors, led this Court to make a finding of ineffective assistance of post-conviction relief counsel, and to do so was not manifest error.

iii.     *The Court's judgment does not open the floodgates to litigation, and this is not manifest error.*

The State, next, claims this ruling allows any state or federal offenders who did not receive a hearing on their 28 U.S.C. § 2255 motion to find cause to overcome a procedural default when a defendant fails to object, fails to properly present a motion for a new trial, fails to file a brief on appeal, or anything else which can be done easily. [ECF No. 363 at 3, 4]. The State argues this Court specified pleadings filed by counsel and later found to be inadequate under state procedural rules *may* by themselves be the product of deficient performance under *Strickland*. However, this Court, in its opinion, states deficient pleadings "[do] not automatically establish deficiency (or prejudice) under *Strickland*" [ECF No. 361 at 158], and without further analysis, this does not inherently mean an attorney's performance was deficient under the constitutional standard. *Id.* As previously described, the Court determined state post-conviction counsel was ineffective for failing to file any formal response to the State's Motion to Dismiss, which warned post-conviction counsel of the failures in their pleadings, after being given an opportunity and two hearings by the SMC to make corrections, and the pleadings could have been easily corrected.

Petitioner's counsel explains many unsuccessful petitions attempting to rely on *Martinez* to overcome procedural default have failed to show their underlying claim of ineffective assistance of trial counsel is substantial.[7] *Dansby v. Hobbs*, 766 F.3d 809, 837 (8th Cir. 2014) *cert. denied sub nom*; *Dansby v. Kelley*, No. 14-8782, 2015 WL 5774557 (U.S. Oct. 5, 2015) (finding the underlying claim of ineffective assistance of counsel was not substantial for failing to locate additional impeachment evidence); *see also Robinson v. Kelley*, No. 5:14CV00343-BSM-JTR, 2015 WL 4944130, at *4 (E.D. Ark. Aug. 3, 2015) report and recommendation adopted, No. 5:14CV00343 BSM, 2015 WL 4943588 (E.D. Ark. Aug. 19, 2015) (concluding, under *Martinez*, Robinson did not established a "substantial" ineffective-assistance-of-counsel claim for not further negotiating a twenty-year plea offer). This Court, in its order of August 18th, 2015, outlined the reasons for finding Mr. Barnett's claim under *Martinez* is substantial. [ECF No. 361]. The Court, following the earlier cited authority, must examine the unique facts and circumstances of each particular case in deciding if the *Strickland* objective standard has been met. Relying on the unique facts and circumstances of this case, finding ineffective assistance of counsel under *Strickland* will not invite the mischief suspected by the State.

iv.  *This Court found cause to overcome the procedural default the Missouri Supreme Court enforced.*

The State also argues this Court found cause to overcome the procedural default because of post-conviction counsel's two omissions to respond before SMC, and this was not the cause for default the Supreme Court enforced. This Court found cause to overcome the procedural default because of ineffective assistance of post-conviction counsel. Part of the reasoning in determining ineffective assistance of counsel was the failure to formally respond to the State's Motion to

---

[7] *Martinez* holds a petitioner may establish cause for overturning a procedural default if the petitioner can demonstrate post-conviction relief counsel is ineffective, and there is a *substantial* underlying claim of ineffective assistance of trial counsel. *Martinez*, 132 S. Ct. at 1318.

Dismiss and to the SMC, but also included the ease in which the pleadings could have been corrected. "[I]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Peoples,* 403 F.3d at 848.

When the SMC made its ruling, affirmed by the Missouri Supreme Court, its role was to determine whether Mr. Barnett was going to get the requested relief sought in his Amended Complaint; neither the SMC, nor the Missouri Supreme Court, believed a post-conviction movant had a right to effective assistance of counsel. *Barnett II* at 773. Action by the SMC and the Missouri Supreme Court occurred before the pronouncement in *Martinez*. At that time ineffectiveness of post-conviction counsel was not in the lexicon of post-conviction remedies. *Barnett II* at 773. The Missouri Supreme Court was tasked with determining if the SMC made a correct ruling or erred in its ruling in concluding Mr. Barnett's trial counsel was not ineffective under the *Strickland* standard. The Missouri Supreme Court recognized "Barnett contends that a great deal of mitigating evidence was available for counsel to utilize at trial, but went unutilized because counsel failed to exercise due diligence to search for it." *Barnett II* at 770. That Court also recognized his post-conviction motion "was over 25 pages, and 22 pages were dedicated to listing the hundreds of witnesses and organizations that were capable of providing proof of Mr. Barnett's life history." *Id.* The Missouri Supreme Court in affirming the SMC ruled "[t]he motion court found, however, that the 25-page narrative of Barnett's life history did not connect a specific portion of the narrative to a particular witness, did not allege that counsel was informed of their existence, and did not state that any of the witnesses were available to testify." *Id* at 770. Without there being such a remedy as ineffectiveness of post-conviction counsel at the time of its opinion, this Court observes the Missouri Supreme Court unknowingly laid the foundation of a convincing argument for ineffectiveness of post-conviction counsel. There was a

huge amount of evidence from many witnesses; the law was settled at the time as how to present a motion to a motion court to get relief, and post-conviction counsel failed to follow clearly established law.

The Missouri Supreme Court enforced the procedural bar on the basis of deficient pleadings deciding: "In light of Morrow and the motion court's finding that Barnett's Rule 29.15 pleadings were deficient, Barnett's argument is not persuasive. The motion court did not clearly err in its finding and conclusions of law on this issue." *Barnett II* at 770. It is this procedural bar this Court found cause to lift by finding ineffective assistance of post-conviction counsel.

This Court correctly found cause to lift the procedural default by finding ineffective assistance of post-conviction counsel.

> v.    *Post-conviction relief counsel was ineffective, and the Court did not manifestly err in so finding.*

The State argues post-conviction counsel performed reasonably because the pleadings they submitted to the motion court were a thorough narrative, and a narrative style was used by post-conviction attorneys in Missouri at this time. "[I]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Peoples,* 403 F.3d at 848. The State cites *Morrow v. State*, 21 S.W.3d 819 (Mo. 2000), and *State v. Jones*, 979 S.W.2d 171, 186-87, for the proposition post-conviction counsel performed reasonably under *Strickland* by arguing other counsel, using a similar narrative technique used in writing Barnett's petition, were not found to be ineffective. [ECF No. 363 at 4]. The State's argument fails to recognize well-established Missouri law at the time the amended petition was filed. The *Jones* Court, as already noted, clearly set forth requirements to properly present requested relief before a motion court. This Court, in its original judgment, and in this opinion did not determine post-conviction counsel was ineffective based on the strategic choice to use a narrative format. [ECF

No. 361 at 165]. Having a similar argument or pleading style as other counsel does not infer or imply counsel provided reasonable assistance.

In each of the State's arguments referencing no basis to remove the procedural bar, the Court believes there is no manifest error. Therefore, the Court declines to amend its judgment.

**B. The petition for *habeas corpus* does not violate the statute of limitations due to the conduct of the State.**

The State argues it is manifest error for the Court to fail to permit the State to raise its timeliness argument, and the judgment should be altered. The State argues it has never forfeited the statute of limitations defense as a matter of law or fact. The State argues there is no factual forfeiture, because the Court's judgment is dated August 15, 2015, and the State raised the defense prior to judgment, for the first time, during a post-trial brief on April 28, 2015. [ECF No. 346]. The State also argues there was no forfeiture at law because the State did not deliberately and intelligently withhold the statute of limitations argument. *Wood v. Milyard*, 132 S. Ct. 1826 (2012). District courts are permitted, but not obligated, to consider the timeliness of a state prisoner's habeas petition. *Day v. McConough*, 547 U.S. 198 (2012).

The State argues it did not forfeit the statute of limitations defense, in fact, because it raised the defense prior to judgment. [ECF No. 346 at 11]. The State maintains this Court's ruling denying habeas relief vacated the 2006 order, and the State raised the defense prior to this Court entering its most recent judgment, which the State seeks to amend. *Barnett*, 541 F.3d at 807. The Court acknowledges the State's creative legal argument, but the State cites no legal authority requiring the Court to ignore the State's prior failure to bring the argument in a timely manner. This Court committed no plain error.

The State next argues it did not forfeit its statute of limitations defense, at law, because it argues it did not deliberately and intelligently withhold the statute of limitation defense which is

now required for forfeiture by the Missouri Supreme Court's holding in *Wood*. The State improperly attempts to extend the holding of *Wood*, which held, in the limited context, an appellate court could, *sua sponte*, decide a case on timeliness grounds. *Thompson v. Runnels*, 705 F.3d 1089, 1099 (9th Cir. 2013) (explaining "The Supreme Court held the federal court abused its discretion by considering, *sua sponte*, an affirmative defense that had been deliberately waived by the state."). However, the Supreme Court determined the Tenth Circuit erred in its discretion, as the state explicitly failed to waive or exert the timeliness argument in multiple filings. *Wood*, 132 S. Ct. at 1834. Other courts have also determined *Wood* does not apply where the case is not at the appellate level and the state asserts the challenge is untimely. *Payton v. United States*, No. 3:13-CR-15-1, 2015 WL 5304187, at *5 (N.D.W.Va. Sept. 9, 2015). While the Court has the authority to raise the timeliness of a state prisoner's habeas petition, failing to do so is not manifest error.

Additionally, the State only brings *Wood* to the attention of the Court for the first time with this motion to amend judgment. "This court has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). For these reasons the Court did not manifestly err in failing to enforce the statute of limitations.

### C. There was no manifest error in this Court's deference to the State Court's decisions as required by 28 §U.S.C. 2254(d).

The State next argues the Court did not show proper deference to the Rule 29.15 Court's decision finding the ineffectiveness claim was meritless.[8] The State argues this Court did not

---

[8] The State Court did not decide Mr. Barnett's petition for *habeas corpus* on Ground I relief on the merits.

defer to the motion court's merit decision on Ground I. This Court is required by statute to

provide deference to state court decisions as follows:

> "An application for a writ of *habeas corpus* on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was *adjudicated on the merits* in State court proceedings unless the
> adjudication of the claim--
>   (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d) (emphasis added).

This Court determined the SMC did not make a merits decision on ineffective assistance of

trial counsel for failure to adequately investigate Barnett's dysfunctional background for the

penalty phase, but the SMC, instead, decided this issue on procedural grounds. Below is the

SMC's conclusion of law pertaining to Barnett's post-conviction relief claim 8(A):

> "4. Movant's claim 8(A) is that counsel was ineffective in failing to present a
> complete and accurate account of Movant's life and background during penalty
> phase. A narrative of Movant's life history is set out over twenty-five pages of
> the amended motion and another twenty-two pages are dedicated listing the
> hundreds of witnesses and organizations that would supply the proof if an
> evidentiary hearing is held. The claim does not allege sufficient facts for this
> Court to grant an evidentiary hearing. To obtain a hearing based on counsel's
> failure to investigate and present witnesses, Movant must 1) specifically identify
> who the witnesses were, 2) what their testimony would have been, 3) whether or
> not counsel was informed of their existence and 4) whether or not they were
> available to testify. *State v. Jones*, 979 S.W.2d 171, 186-87 (Mo. banc 1998).
> Movant's narrative does not connect a specific portion of the narrative to a
> particular witness, does not allege that counsel was informed of their existence,
> and does not state that any of these witnesses were available to testify. "Where
> the pleadings consist only of bare assertions and conclusions, a motion court
> cannot meaningfully apply the Strickland standard for ineffective assistance of
> counsel." *Morrow v. State*, 21 S.W.3d 819, 824 (Mo. banc 2000). Furthermore,
> the record refutes Movant's claims that this evidence should have been presented
> through a qualified mental health professional. Dr. Rosalyn Schultz, a
> psychologist, included many of the facts contained in the narrative in her
> testimony during the penalty phase. Point denied."

[ECF No. 19, Exh. F at 4321]. The Motion Court's ruling on this issue is clearly based on deficiency of the amended petition to allege sufficient facts to grant an evidentiary hearing, thus preventing the SMC from a meaningful opportunity to apply the *Strickland* standard. Because the SMC made a procedural ruling, the State's proposition the SMC is due deference on its merits decision is flawed.

The State is correct the SMC did make some decisions on the merits regarding trial counsel's ineffective assistance of counsel claims, 8(B) and 8(C), for failing to present expert evidence on adoption pathology and failing to properly prepare expert witnesses. [ECF No. 19, Exh F. at 4321-3]. However, this Court, in determining ineffective assistance of counsel of trial counsel, does not use either of those determinations to find deficient performance for ineffective assistance of counsel. This Court made the determination "trial counsel provided constitutionally defective assistance by failing to adequately investigate and present mitigating evidence relating to certain aspects of Mr. Barnett's dysfunction background." [ECF No. 361 at 179]. Therefore the Court did apply proper deference to the motion court.

The State's argument is based on the premise this Court did not provide proper deference to a motion court's merit decision. The record does not support the contention the SMC made a merits decision on Ground I, and as such, this Court provided proper deference and there was no manifest error.

## D.  This Court did not manifestly err in determining the remedy as it allows for appellate rights.

The State requests the Court amend its judgment to allow for appellate review of the judgment without the need of a stay or a request for more time by changing the order to "within 180 days of the date this order becomes final." As discussed previously a rule 59(e) motion

exists for the limited purpose of correcting a manifest error. In this instance, the State still has their appellate rights, as both parties agree. This is not a manifest error of the Court and the State is not entitled to relief.

## IV. Conclusion

The Court fails to find manifest error, requiring an amended judgment. The procedural bar was overcome with proper cause because of state post-conviction relief counsel's ineffective assistance of counsel. The Court correctly determined the statute of limitations will not be applied. This Court provided the proper deference to the State courts' procedural decision. Finally, the Court declines to amend its remedy as the State still has appellate rights.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Don Roper's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 is **DENIED**.

Dated this 22nd Day of January, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE